Miller v. Swan & Brown.    Swan & Brown v. Trust Company.

CASE 5—PETITION EQUITY—DECEMBER 13.

# Miller v. Swan & Brown.

# Swan & Brown v. Trust Company.

APPEALS FROM LOUISVILLE LAW AND EQUITY COURT.

1. THE ORDER OF A COUNTY COURT ADMITTING A WILL TO PROBATE IS NOT CONCLUSIVE AS TO THE COURT'S JURISDICTION, and will, therefore, be treated as void in a collateral proceeding, if it appears that the court had no jurisdiction to admit the will to probate.

2. ORDER OF PROBATE CONCLUSIVE AS TO EVERY THING EXCEPT JURISDICTION.—A will having been admitted to probate by a county court having jurisdiction, no inquiry can be made in a collateral proceeding as to the manner in which the probate was had, the order of probate being conclusive as to every thing except the jurisdiction.

3. PROBATE OF COPY OF WILL.—While the original will should be produced in the county court as the best evidence, its production is not necessary to give the court jurisdiction to admit it to probate. Therefore, the fact that a copy instead of the original will was produced does not render the order of probate void.

4. JURISDICTION TO PROBATE WILL.—A will must be admitted to probate by the county court of the county of the testator's residence, if he had a known place of residence in the State.

The will of a testator who resided in Jefferson county was admitted to probate by the Hardin County Court. A copy of the will was afterward admitted to probate by the Jefferson County Court. In a suit by the Jefferson county administrator for a settlement of the estate, *Held*—That the order of the Hardin County Court was void, while that of the Jefferson County Court was valid.

5. ONE MAY RECOVER FOR BOARDING ANOTHER, even in the absence of an express agreement to pay board, if all the circumstances show that the one party expected to make and the other party receive compensation.

6. DECEDENTS' ESTATES—ATTORNEYS' FEES.—Where an action by an administrator for the sale of land to pay the debts of the decedent was prosecuted at the instance and for the benefit of the sole creditor of the decedent, and the plaintiff's attorneys were acting for him, it was error to allow an attorney's fee against the estate.

WILLSON & THUM FOR FIDELITY TRUST AND SAFETY VAULT COMPANY.

1. An order of the county court admitting a will to probate is conclusive

Miller v. Swan & Brown.      Swan & Brown v. Trust Company.

except as to matters of jurisdiction. (Gen. Stats., chap. 113, sec. 28; Jacobs' Adm'r v. L. & N. R. Co., 10 Bush, 263; Happy's Will, 4 Bibb, 553; Payne's Will, 4 Mon., 427; Walters v. Ratcliffe, 5 Bush, 576; Thompson v. Beadles, 14 Bush, 47; Schouler on Administrators, sec. 392.)

2. The probate of a copy instead of the original will, if it be error, is error merely, and does not go to the jurisdiction. (Steele v. Price, 5 B. M., 58; Baker v. Dobbins, 4 Dana, 220; Happy's Will, 4 Bibb, 553; Thompson v. Beadles, 14 Bush, 47; Chisholm v. Ben, 7 B. M., 408; Mullens v. Wall, 8 B. M., 445; Baker v. Dobbs, 4 Dana, 221; Allison v. Allison, 7 Dana; Hunt v. Hamilton, 9 Dana; Campbell v. West, 3 B. M., 243; Walters v. Ratcliffe, 5 Bush, 576; Masters' Ex'r v. Brinker, 9 Ky. Law Rep., 841.)

3. The court erred in disallowing Miller's claim for board.

4. The allowance to the administrator for attorneys' fees was proper.

FARLEIGH & STRAUS for Swan & Brown.

1. The county court has no jurisdiction to probate a will upon the presentation of a copy merely, the original not being lost or destroyed, but capable of production.

2. The judgment of the Hardin County Court probating the will was an adjudication of its jurisdiction, which can not be attacked by a direct proceeding of like character, and is binding upon all parties who were interested in its probate. There can not exist at the same time two or more orders of probate of the same will. (Wells, &c., v. Wells. 4 Litt., 152; same case, 5 Litt., 273; Tiddbatts, &c., v. Berry, &c., 10 B. M., 473; Hughey, &c., v. Sidwell's Heirs, 18 B. M., 59.)

3. The court did right in rejecting Miller's claim for board.

4. Under the circumstances of this case an attorney's fee should not have been allowed to the administrator.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Mrs. Belle Compton died in Jefferson county in February, 1886, at the residence of one T. B. Miller. She left a last will that was admitted to probate in the Hardin County Court in the same month and year of her death. Her sole devisee was E. P. Ditto, who conveyed certain land devised to him to S. T. Hovey to pay certain debts, that of the appellants, Swan & Brown, being among the number. Thomas B. Miller, an appellant in this case, with whom the testatrix lived

at her death, asserted a claim against her for board, caring for her in her illness, and for burial expenses. Miller had the will, or a copy of it, admitted to probate. in the Jefferson County Court, and the Fidelity Trust and Safety Vault Company was appointed the administrator, with the will annexed, and then instituted this action to settle the estate as an insolvent estate, and to sell the land to pay the debts of the testatrix. She owned no personal estate, and left no debts except the one asserted by Miller. Ditto, with the trustee, Hovey, and Swan & Brown, the creditors of Ditto, were made defendants, and insist that the county court of Jefferson county had no jurisdiction of the probate, for the reason that the county court of Hardin had already admitted the will to probate in that county, and it must, therefore, be assumed, as county courts have the general jurisdiction in such cases, that the Hardin County Court had jurisdiction of the parties and the subject-matter, and that Hardin county was, in fact, the county of the residence of the testatrix.

The testimony as to her place of residence is certainly conflicting, but it is sufficient to say that as both the court below and the Superior Court on an appeal to that court have determined that her residence was in Jefferson county, we are disposed to follow their ruling on this question of fact, and certainly the testimony, we think, warrants such a finding. It is a well recognized rule of law that where a court has no jurisdiction of the subject-matter, its judgment affecting it is void, and a void judgment can be assailed in either a direct or collateral pro-

ceeding. Section 28 of chapter 113, General Statutes, provides that "no will 'shall be received in evidence until it has been allowed and admitted to record by a county court, and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until the same is superseded, reversed or annuled."

It seems to this court that this section of the statute leaves the question of jurisdiction to be made at any time or in any proceeding where it may become necessary to question the validity of the probate, and as to all other questions the probate is conclusive until superseded, annulled or reversed. And this collateral attack as to the validity of the judgment or order of probate by the county court can only be made on the question of jurisdiction. The statute requires, where the testator has a known place of residence in the State, that his will "shall be proved before, and admitted to record by, the county court of the county of the testator's residence." (General Statutes, chapter 113, section 26).

This question was, in effect, determined by this court in the case of Jacobs' Adm'r v. Louisville and Nashville R. Co., 10 Bush, 263. It is said by counsel, however, that the case of Jacobs' administrator has no relation or bearing on a case like this, because the defendant who was sued by the administrator may, in fact, show that the court had no jurisdiction to appoint him, and that he was seeking a recovery without right or title. Here are two orders or judgments of probate, one in Hardin county and one in Jefferson county, and one or the other must be void. The court held that the administrator in the case of Jacobs'

Adm'r v. The Louisville and Nashville R. Co. had no right to sue, because the county court in which he qualified had no jurisdiction to appoint him, and the fact that the question of his right to administer might have been raised in that case did not prevent the defense. If the question had been raised in the Hardin County Court, on the probate, between parties who had the right to resist it, on the ground that the testatrix resided in Jefferson county, then there might be some reason for holding the judgment final; but there is no such plea in this case. The question was never raised, and the domicile of the testatrix being a jurisdictional fact as to the probate, the jurisdiction of the county court of Hardin to admit the paper to probate may be questioned in this collateral proceeding.

The Jefferson County Court having jurisdiction to probate the will, no inquiry can then be made in this, a collateral proceeding, as to the manner in which the probate was had. The copy of the will may have been the best evidence that could have been produced at the time the probate was had. The original will should have been produced as the best evidence, but its production was not necessary to give the court jurisdiction if the testatrix resided in the county; and its non-production was no doubt accounted for. The order of the county court of Jefferson may be erroneous, but the will or the copy of record in that court is an exact copy of the will found in the Hardin County Court. (Walters v. Ratcliffe, 5 Bush, 576.) The probate in Hardin is no evidence of the testamentary act, or that such a paper was ever executed, but its probate in the county of testatrix's residence

is conclusive until reversed or set aside by some direct proceeding.

As to the board charged by appellant, Miller, while there was no express agreement to pay on the part of the testatrix, it is manifest that from what transpired between Miller's family and the testatrix she expected to pay and Miller to receive compensation for her board. The testatrix said time and again that she intended to pay board. She received in her unfortunate condition the kindest treatment from Miller and his family, was at his house for several years, and with Miller and his family in limited circumstances, and she with no particular claim on his generosity, it is hardly reasonable to suppose that he was taking care of and providing for her from feelings of humanity alone.

The attorney's fee, under the circumstances, should be disallowed against the administrator, as the action was really brought at Miller's instance, and for his benefit. We do not intend to say that no compensation should be allowed the attorney for advice given the administrator; but for bringing this action no allowance should be made, as it was litigated alone by the creditor, and the attorneys in this case were acting for him.

The judgment is reversed on the appeal of Miller, and reversed only on the appeal of Brown as to the attorney's fee. On the return of the case the court will allow the claim for board reported by the commissioner, in addition to the judgment already rendered,