## Hite's Administrator v. Gibson.

(Decided Dec. 8, 1933.)

652

OSCAR M. SMITH for appellant.
J. WILBUR WADE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

A demurrer was sustained to plaintiff's petition, it was dismissed, and he has appealed.

On March 31, 1932, Henry Hite died in Warren county, Ky., and, it is said in briefs, but not in the record, that shortly thereafter a paper was, by the Warren county court, probated as his will. It is alleged that Cain Gibson is claiming to have been qualified as executor thereof and is attempting so to act. It is alleged that on August 22, 1932, appellant Sim Calloway was by the Logan county court duly appointed and qualified as the administrator of the estate of said Henry Hite.

On August 27, 1932, he filed his petition in equity in the Warren circuit court against Cain Gibson, claiming to act as executor of Henry Hite, setting forth that Hite died a resident of Logan county and exhibiting the orders of the Logan county court appointing and qualifying Calloway as administrator and seeking to have Gibson enjoined from interferring with him in the administration of this estate. Nowhere in his peti-

tion does Calloway admit Hite left a will. Thus we have for settlement the conflicting rights of these parties under these two county court appointments. To make valid the probate of this purported will, Hite must have died a resident of Warren county, and the county court of that county necessarily found that he was a resident, and its finding until superseded, reversed, or annulled is conclusive as to everything except its jurisdiction. See Ky. Stats. sec. 4852. The probate of a will by the county court of any county other than that of testator's residence is utterly void. See Miller v. Swan & Brown, 91 Ky. 36, 14 S. W. 964, 12 Ky. Law Rep. 629.

On the other hand, the Logan county court, before making its order appointing and qualifying Calloway as administrator of Hite, had to find that Hite died intestate and a resident of Logan county. Section 3894, Ky. Stats.

As strong a presumption of the correctness of its findings is to be accorded to the Logan county court as is accorded those of the Warren county court. If it be established that testator's residence was in Logan county and a will of Hite be produced and probated there, the administration of this estate inaugurated there will cease. Ky. Stats. sec. 3897.

Calloway's allegation of the residence of Hite in Logan county is admitted by the demurrer, and the court erred in sustaining it and dismissing the petition. If it be established that the residence of Hite was in Logan county, Calloway will be entitled to the relief he sought, and his administration of this estate will continue unabated until Hite's will, if any, be presented and probated there.

Judgment reversed for consistent proceedings.