## Pendleton County Board of Education v. Simpson.

(Decided Feb. 28, 1936.)

L. M. ACKMAN and H. B. BEST for appellant.

A. M. SAMUELS and F. A. HARRISON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, H. E. Simpson, is and was at all times herein mentioned a citizen of Pendleton county, Ky., his residence being located not far from the line between it and the adjoining county of Grant. He had a son within school age who was eligible to attend high school. Appellant and plaintiff below, Pendleton county board of education, provided and maintained in that county the Goforth High School. It was of a grade suitable to furnish the instruction that defendant's son needed and desired to receive from a high school. There was in the adjoining county of Grant, and in its county seat of Williamstown, a high school known as "Williamstown Graded Free School" of a higher grade than the Goforth High School, but it does not appear that defendant's son at the time here involved was ready or intended to pursue the higher courses of study in its curriculum above those taught in the Pendleton county high school. The Williamstown school in Grant county was slightly nearer to defendant's residence than was the Goforth High School, the latter of which was located practically on

the same road but in an opposite direction from plaintiff's residence to that of the Williamstown school.

Defendant sent his son to the Williamstown school for one year, for which it charged $5 per month for ten months, making the total amount of tuition the sum of $50. For some reason not appearing in the record, he declined to pay it, and the Williamstown school brought suit against him in the Grant quarterly court. He answered therein and admitted the justness of the account and made his answer a cross-petition against plaintiff and appellant herein (Pendleton county board of education), and had summons for it issued to Pendleton county, which an officer of that county executed on the chairman of the board. Its attorney later appeared in the Grant quarterly court and moved to quash the return on the summons upon the grounds (a) that it was improperly sought to be brought into the case by defendant's cross-petition against it, and (b) that it was at least a quasi public corporation and could not be sued in an action like this, except in the county that it served and wherein it performed its public duties, whatever might be the rule with reference to localized in rem actions in which for any cause it might be a necessary party.

That motion was overruled by the judge of the Grant quarterly court, whereupon plaintiff herein filed a special demurrer to the jurisdiction of the court over it, and it was also overruled, followed by plaintiff declining to plead further, and the court (Grant quarterly) rendered a personal judgment in favor of the Williamstown school against defendant Simpson and in the same order rendered a personal judgment in favor of him against plaintiff herein. The latter immediately perfected an appeal to the Grant circuit court, a part of which proceeding was the execution of a bond as required by law with its chairman, Thurman Bryan, as its surety, he also being a citizen and resident of Pendleton county. In the circuit court plaintiff employed the same abatement practice that it had done in the Grant quarterly court, but with like results—that court rendering judgments in accordance with those of the Grant quarterly court. Simpson then obtained an execution against plaintiff herein directed to the sheriff of Grant county which was returned "no property found." He then procured an execution issued to Pendleton county and a like return was made by

the sheriff of that county. He then filed an action in the Grant circuit court against plaintiff herein and Bryan, its surety on the appeal bond from the Grant quarterly court to the Grant circuit court, in which he again sought personal judgment against plaintiff herein, as well as against Bryan, its surety, and obtained summons thereon to the sheriff of Pendleton county which the officer there executed. Thereupon plaintiff filed this equity action against defendant, Simpson, in the Grant circuit court, setting forth the facts that we have outlined, and asked that defendant be enjoined from prosecuting his ordinary action in the Grant circuit court on the appeal bond and also enjoined from enforcing the judgment of the Grant circuit court that had been rendered on appeal of the case from the Grant quarterly court, all upon the ground that the judgments, and the one sought in the action on the bond then pending in the Grant circuit court, were and would be invalid and void for the reasons hereinbefore stated.

Following that, or near to the same time, it interposed the same motions and pleas to defendant's petition on the bond that it employed in the action begun in the Grant quarterly court, but the court overruled all of them. Defendant then filed answer in this equity action in which he pleaded the foregoing facts, orders, and judgments in bar of plaintiff's right to maintain this action, and which, of course, was bottomed upon the contention that the same questions had been adversely determined against it in the former proceedings. Plaintiff's demurrer to the answer containing that plea of estoppel was overruled and it declined to plead further, followed by a judgment dismissing its petition; but prior thereto the action of defendant on the appeal bond was consolidated with the instant equity one, and in the order dismissing plaintiff's equity petition, and from which this appeal is prosecuted, another personal judgment was rendered against plaintiff and also against its surety on its appeal bond, Thurman Bryan. The latter has not appealed from any judgment or adverse action of the court against him for the manifest reason that the amount involved is not sufficient to give him that right, but appellant has appealed from the judgment rendered in the equity action, since it sought an injunction to restrain defendant from employing

any enforcement proceedings against it, and in which character of case the amount involved does not measure our appellate jurisdiction. Therefore, appellee's motion to dismiss this appeal, which was passed to a hearing on its merits, is overruled.

From the foregoing recitation of the facts it will be gleaned that the only question presented for our determination is: Whether the personal judgments against plaintiff rendered by the Grant circuit court in both the quarterly court action, and again in the one filed in the circuit court on the appeal bond, were for any reason void, since, unless they are so, the court properly dismissed plaintiff's petition for the reason that this action is clearly a collateral attack on those judgments and their enforcement may not be prevented because of any irregularities or errors not having the effect to render them void, and which brings us to the controlling issue in the case. That issue is: Whether a court having jurisdiction of the subject-matter may determine the question of its jurisdiction of the person of the litigant proceeded against, when that issue is raised and contested, so as to foreclose the right to contest its determination thereof in a collateral attack of any judgment that might be later rendered, and which question we will now proceed to determine.

That the Grant quarterly court had jurisdiction of the subject-matter in the action before it of the Williamstown school against Simpson is undoubtedly true and is admitted, but whether he had the right in defending that action to bring into it the plaintiff and appellant herein, is, to say the least of it, extremely doubtful. However, if he did not possess that right, he did proceed to do so, and the court held, not only that he had that right, but that he properly exercised it. The same observations are applicable, but with perhaps more force, as to his right to maintain an action in the Grant circuit court against plaintiff herein on its appeal bond, since that action is clearly a transitory one and the Pendleton county board of education had a permanently fixed situs for its governmental functioning exclusively in Pendleton county, while its codefendant in that action, Bryan, as well as Simpson, were also residents of the same county. The fact that the appeal bond had been executed in Grant coun-

ty did not ipso facto fix the venue of an action to enforce it exclusively in that county. All of the parties to it resided out of Grant county, and there was nothing in it to show that its performance (if the conringency arose that its performance should be enforced) was to be made in that county, since its obligations ran to Simpson, who had the right to enforce its performance, as we have seen, and who also resided in Pendleton county. We therefore have a case where an action was brought in the wrong venue, but which question was raised before the court of inappropriate venue and it determined that issue against the litigant contesting the venue, thereby adjudging that it had jurisdiction of defendant's person. The law seems to be that such a determination where the court has jurisdiction of the subject-matter is conclusive against the objecting litigant, unless the error is corrected by an appropriate direct attack of the judgment, one of which methods is an appeal to a higher court if one is allowed by law.

Before directing attention to the state of the law on that precise question, it should be stated that one of the contentions made by appellant is that the proper venue of this character of action against it is in an appropriate court in the county that it serves, and that section 72 of the Civil Code of Practice, which fixes the venue of actions against corporations generally, does not apply to it because of its not being the character of the corporation therein referred to, which it insists are only commercial corporations. We are convinced that it is correct in that contention. A similar question, applicable to actions against counties, was so determined by us in the case of Board of Church Extension v. Taylor County, 152 Ky. 518, 153 S. W. 747, 748, in which we held that section 72, supra, of the Civil Code "refers to business corporations, and not to political subdivisions of the state created for merely governmental purposes." It is true that the opinion in that case stated that counties were not strictly corporations, but only quasi corporations or political subdivisions or agencies created for public purposes. It is therefore insisted that county boards of education are made corporations by the statute creating them, and that the holding in the Taylor county case is thereby made inapplicable here; but the reason for that holding is as fundamentally applicable in this

case as it was in that one. All of the acts performed by county boards of education are made and done locally within the county. Its jurisdiction is confined to its county. It is an incorporated subdivision of the free school system of the state, but circumscribed in exercising its proper functions to its particular county. Any other rule permitting the bringing of such actions within any other venue of the state than in that county would result in great harassment of the board and the custodian of its records, as well as incurring large expenditures in defending such foreign brought actions of the nature here involved. We are informed that there are others of like nature now pending in Grant county awaiting the result of this appeal, and conditions are easily imaginable where they could be brought in a similar manner in various distant counties throughout the state, thus entailing the burdens to which we have referred, some of which might be too heavy to be borne considering the amount involved, and the board would thereby profit by declining to make the expensive defense. It is therefore clear that public policy requires that the venue of such actions should be in the county that the board of education serves. However, a violation of that requirement is, for the reasons hereinbefore stated, only an error, and does not have the effect to render the judgment so erroneously pronounced void and subject to a collateral attack. We will now return to the legal question above propounded.

The text in 34 C. J. 555, in dealing with the specific question involved, says: "When jurisdiction has once attached, the court has a right to decide every question arising in the case, and errors of judgment or irregularities, however gross, which do not render the judgment absolutely void, are not available on collateral attacks." To that text in note 75 appear nearly three pages of citations of cases from all of the courts of this country, including this state, and in which it is shown that there are none to the contrary. In front of that citation and on page 552 of the same volume, sec. 851, the text says: "Where a court of general jurisdiction judicially considers and adjudicates the question of its jurisdiction, and decides that the facts exist which are necessary to give it jurisdiction of the case, the finding is conclusive and can not be controverted in a collateral proceeding," etc. In a

subdivision of the same section, beginning on page 553, the text says: "The rule is not confined to courts of general jurisdiction, but it has been held that if an inferior court or one of limited jurisdiction is charged with the ascertainment of a jurisdictional fact, and its proceedings show that the fact was ascertained, the finding can not be collaterally attacked." Many cases are cited in note 51 in support of that text, and in which we find none to the contrary.

The same rules are stated in the text of 15 R. C. L. sec. 337, a part of which is: "The court in the original action is deemed to have jurisdiction to determine the validity of the service of process, and its decision on this question is considered conclusive, even if erroneous, and relitigation of the case on the merits will not be permitted to determine whether the court correctly found the facts on which the jurisdiction depended. Hence it is that in such cases a judgment cannot be collaterally attacked, and it makes no difference that the court may have misjudged the facts. Under this view on collateral attack the jurisdictional facts will be deemed to have been properly ascertained." To the same effect also is section 1320 of the volume of Corpus Juris supra, on page 907, and which principles of practice were approved by us in the case of Stone v. Winn, 165 Ky. 9, 176 S. W. 933. It is true that the attacked judgment in that case was one rendered by a court of "general jurisdiction," but the same principle applies, as we have seen, to inferior courts which also have general jurisdiction of the particular character of case, and its authority when exercised is as conclusive upon the parties as are judgments rendered by circuit courts in the exercise of their jurisdiction. It therefore necessarily follows that the court properly overruled the demurrer to defendant's answer in which he relied upon the former adjudications as constituting a bar to plaintiff's right to prosecute this collateral attack upon them.

However, in so concluding, we by no means approve the erroneous action of the Grant county courts that rendered the attacked judgments whereby it was held that plaintiff could properly bring into the quarterly court case in that county the Pendleton county board of education, by procuring and having served upon it summons in its home county, all of which re-

sults from our conclusions hereinbefore expressed, and which are (a) that the liability of plaintiff herein to Simpson for the amount of the claim due the Williamstown school was dependent upon an entirely different state of facts than his personal liability to it based upon the same claim, and (b) that in no event did any court in Grant county have proper venue of an action against the Pendleton county board of education to enforce collection from it of the involved school claim, or of an action on the appeal bond referred to, and because of which the court erroneously and improperly determined that it could be proceeded against in Grant county in the manner employed. However, as we have seen, such rulings of the court were but errors and cannot be corrected in this collateral proceeding.

Wherefore, for the reasons stated, the judgment is affirmed.