**Sam P. STROTHER, Executor, et al.,**
**Appellants,**

v.

**Herbert R. DAY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1955.

Rehearing Denied June 24, 1955.

Frank S. Ginocchio, Lexington, for appellants.

Vest & Vest, John L. Vest, Walton, for appellees.

STANLEY, Commissioner.

Sam P. Strother, as executor of the will of the late Miss Mary Ellen Flynn, joined by all of her heirs, sued Herbert R. Day and Aurelia Day to set aside a deed and transfer of personal property to them by the testatrix. The grounds were fraud and mental incapacity. The defendants challenged the probate of the will by the Fayette County Court and the appointment of Mr. Strother as executor on the ground of no jurisdiction, since Miss Flynn was a citizen of Boone County. Upon this allegation they denied the authority of the plaintiffs to maintain the suit. The Boone Circuit Court rendered a default judgment sustaining the defendants' plea, but in Strother v. Day, Ky., 248 S.W.2d 347, we reversed the judgment upon the view that the court should

have sustained the plaintiffs' motion to vacate it.

On return to the circuit court an amended answer and special demurrer to the petition were filed and issues were joined. On the pleadings and affidavits the court found as a fact that the decedent, Miss Flynn, was mentally capable of changing her legal domicile and that she had become a resident of Boone County. Upon this conclusion, the court held void the probate of her will and the qualification of Mr. Strother as executor by the Fayette County Court. See Hite's Adm'r v. Gibson, 251 Ky. 651, 65 S.W.2d 731. And, as a consequence, he ruled the orders of the Fayette Circuit Court relating to the administration of the estate to be void also; further, that a properly appointed representative would be the only necessary and proper party-plaintiff in a suit to set aside the deed and that Mr. Strother was never validly appointed as an executor of the will of the decedent. Thereupon, the defendants' special demurrer to the petition for defect of parties was sustained and the petition was dismissed. The heirs and the named executor, as appellants, contend the judgment is erroneous upon the following three grounds, namely:

(1) By a valid agreement of all the heirs with respect to the will and distribution of the estate, they may maintain the suit to set aside the deed.

(2) Since Mr. Strother, as executor, was not vested with title to the land, but only the power to sell and convert it into cash, the right to have the deed cancelled is in the testatrix' heirs, so his qualification and participation in the suit are immaterial.

(3) Res judicata of the probate of the will and qualifying of the executor by the Fayette County Court, affirmed by the Fayette Circuit Court.

It may be stated as being of significance or background of this controversy that an instrument bearing a later date than that probated in Fayette County Court was probated by the Boone County Court as Miss Flynn's will. This will only makes bequests for masses and limits her funeral expenses. The rest of her estate was undevised. The decedent's brother, James R. Flynn, had qualified in the Boone County Court as administrator with will annexed and continued as such until his death, and no successor has been appointed.

The Fayette County will bequeathed $300 for masses, $1 to a sister and the residue to another sister and two brothers. It contained this provision: "I desire that my executor hereinafter named convert all of my property into cash as soon as possible after the time of my decease, and I hereby give to said executor full power to sell and convey any real estate left by me." Sam P. Strother, of Lexington, was named executor, and he qualified.

A contest of this will was instituted in the Fayette Circuit Court. James R. Flynn, as administrator-with-will-annexed of the Boone County will, and individually, and another one of the heirs, as contestees, filed a plea to the jurisdiction of the Fayette County and Circuit Courts. It was rested on the allegation of the testatrix' residence in Boone County. An order overruled the plea to the jurisdiction. Some time afterward a compromise was entered into by all the parties, who were the executor and all of the testatrix' heirs and devisees. This was entered as a judgment. It adjudges that the probate of the will in the Fayette County Court "is hereby sustained", and that after payment of the special bequests and costs of administration, the remainder of the estate should be distributed as specified, which is according to the statute of descent and distribution. The judgment further provides that the executor "shall immediately proceed to settle the estate." It contains the agreement that all the heirs would "join together in the setting aside of the transfer of a certain farm located in Boone County, Kentucky," by the decedent to Herbert and Aurelia Day.

In response to a contention of the appellees, we may say that this court has long recognized the validity of an agreement of parties in a will contest to disregard the will, in whole or in part, and make a differ-

ent distribution than that provided by the terms of the will, also, for such agreement to be entered as a judgment of the court. Henry v. Spurlin, 277 Ky. 114, 125 S.W.2d 992.

■ The validity and finality of the judgments of the Fayette Circuit Court are the basic questions. Except for the fact that the will and judgment vest in and impose on the executor the responsibility of marshalling the assets of the estate, converting them into cash and distributing it, see White v. Bailey, 65 W.Va. 573, 64 S.E. 1019, 23 L.R.A.,N.S., 232, the two points contended for by the appellants in respect to their authority as heirs to maintain the suit to cancel the deed independently of any executor would be sound. 9 Am.Jur., Cancellation of Instruments, Sec. 10; 21 Am.Jur., Executors and Administrators, Secs. 909, 1013. The will deprives them of the right. Certainly, the right to maintain the action to recover the personal property is exclusively in the personal representative. Combs v. Roark, 206 Ky. 454, 267 S.W. 210.

We turn to the question of the finality of the judgments of the Fayette Circuit Court and the power of the Boone Circuit Court in a collateral attack to vacate them. As stated, the Fayette Circuit Court adjudged the decedent was a resident of that county and affirmed the probate of her will there.

We do not have a question of res judicata, which ordinarily is inapplicable to strangers to a judgment. We have a question of a collateral attack on a judgment of a court of equal or coordinate jurisdiction.

■ Our Statute of Wills, Chapter 394, Ky.Rev.Stats., sets up special proceedings for the probate of wills and an appeal to the circuit court in relation thereto. Such proceeding is in rem although in requiring that all interested persons be made parties, it is given the character of an action inter partes. Henry v. Spurlin, 277 Ky. 114, 125 S.W.2d 992. A judgment probating a will by a court having jurisdiction, being a proceeding in rem, is conclusive as to the due execution and validity and is binding not only on the heirs of the testator but on

all the world. Davies v. Leete, 111 Ky. 659, 64 S.W. 441, 64 S.W. 441, 23 Ky.Law Rep. 899.

It is expressly provided in KRS 394.260 that a final judgment of a circuit court in an appeal from an order of probate is a bar to any other proceeding in relation thereto. But there is an exception upon which the appellees confidently rely. It is: "This section does not preclude a court of equity from its jurisdiction to impeach such final decision for any reason that would give it jurisdiction over any other judgment at law." It seems to be a qualification based upon the common law or the general statutory provisions relating to the power to open, vacate or set aside judgments. KRS 394.130, concerning an order of the county court, is of like effect. It declares that the probate of a will shall be conclusive "except as to the jurisdiction of the court, until superseded, reversed or annulled."

■ Our opinions dealing with these special statutes have generally related to attacks upon judgments of probate in respect to testamentary capacity or the quality of the instrument or the manner and form of its execution. Judgments of that character and extent are final and not subject to collateral attack. Hensley v. O'Forest, 313 Ky. 789, 233 S.W.2d 996. But where the question is one of jurisdiction because of nonresidency of the testator, it may be "made at any time or in any proceeding where it may become necessary to question the validity of the probate". Miller v. Swan, 91 Ky. 36, 14 S.W. 964; Ellison v. Smoot's Adm'r, 286 Ky. 768, 151 S.W.2d 1017. The jurisdiction of the circuit court is no greater than the county court in this matter of probating a will. Johnson v. Harvey, 261 Ky. 522, 88 S.W.2d 42.

■ Although probate proceedings are regarded as special actions in rem, with special jurisdiction, rather than true actions at law, the provisions of KRS 394.260 declare a judgment rendered therein to be a bar to any other proceeding in relation thereto but make it subject to attack in a court of equity in the same way and to the

same extent as any other judgment. We do not think it was ever intended that some other co-ordinate court, or one having the same judicial authority within its own venue, may invade the province of the probate court or relitigate the subject matter.

No doctrine is better settled than that domestic judgments of a court of general jurisdiction cannot be collaterally attacked unless the absence of jurisdiction in the particular case appears from the record. Unless the record discloses the jurisdictional infirmity, the judgment is merely voidable and not void—a precondition of a collateral attack—and extrinsic evidence cannot be received to impeach the judgment in the absence of a question of fraud. Siler v. Carpenter, 155 Ky. 640, 160 S.W. 186; Ratliff v. Childers, 178 Ky. 102, 198 S.W. 718; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S.W. 109, L.R.A.1917C, 171; Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S.W.2d 979.

The decision of the instant case rests on quite a truism: A court has judicial power or jurisdiction to determine its jurisdiction in a particular case. Where that jurisdiction depends on a question of fact which the court is required to ascertain, its judgment determining that such fact does or does not exist is conclusive until it is reversed or set aside in a direct proceeding in the court which rendered the judgment. It is not subject to a collateral attack in the same or any other court. Stone v. Winn, 165 Ky. 9, 176 S.W. 933; Pendleton County Board of Education v. Simpson, 262 Ky. 844, 91 S.W.2d 557; Stewart v. Sampson, 285 Ky. 447, 148 S.W.2d 278; 21 C.J.S., Courts, § 115; 14 Am.Jur., Courts, Sec. 168.

Our cases where the challenges of jurisdiction were based on a question of residence of a party litigant seem to have been in divorce actions, and they are in accord with the above rule or law of finality. Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728; Mussman v. Pepples, 232 Ky. 254, 22 S.W.2d 605; Ferree v. Ferree, 285 Ky. 825, 149 S.W.2d 719.

In Miller v. Swan, supra, 91 Ky. 36, 14 S.W. 964, we have quite an analogous case and a decision applicable here in a converse state of fact. A will had been probated in the Hardin County Court and again admitted to probate in the Jefferson County Court. As stated in the opinion, "Here are two orders or judgments of probate, one in Hardin county and one in Jefferson county, and one or the other must be void." The question of the validity of the Jefferson County judgment of probate was involved in a suit in the circuit court of that county. On conflicting evidence that court found as a fact that the testatrix was a resident of Jefferson County and held her will to have been properly probated there. In the course of this court's opinion, it is said that the question of residence or domicile of the testatrix was not raised in the Hardin County Court, and being a jurisdictional matter, could be raised in the collateral case in the Jefferson Circuit Court. It is further said (seemingly obiter dictum), "If the question had been raised in the Hardin county court on the probate between the parties who had the right to resist it on the ground that the testatrix resided in Jefferson county, then there might be some reason for holding the judgment final; but there is no such plea in this case."

In the case at bar, the question of jurisdiction had been raised in the Fayette Circuit Court and that court had adjudged upon the issue being specifically raised that the decedent, Miss Flynn, was a resident of that county when she died. That separate judgment gives added force to the conclusiveness of the judgment admitting and affirming the probate of the will in Fayette County. It stands unless or until it is vacated in a proper proceeding in that forum.

We are of opinion the special demurrer to the petition should have been overruled instead of sustained. The judgment is

Reversed.