Allen SCHMITT, Judge Pro Tem, Jefferson County Court, Probate Division, Appellant,

v.

The KENTUCKY TRUST COMPANY OF LOUISVILLE, Kentucky, Appellee.

Court of Appeals of Kentucky.

June 28, 1968.

1950 or shortly theretofore Norman Allen Schwartz (or Schwarz) left the state in military service. In 1952 he was listed as missing in action, and he has not been heard from since then. In June of 1966 the appellee trust company applied to the Probate Division of the Jefferson County Court for appointment as administrator of his estate. Appellant, presiding magistrate of the Probate Division, denied the application on the ground that the county court, being of limited or special jurisdiction, does not have jurisdiction in such a case to determine the fact of death, and cannot act unless and until such a determination is made by a court of general jurisdiction. An appeal to the Jefferson Circuit Court resulted in a reversal, from which the probate judge appeals to this court.

Though it is not made an issue, any reader of this opinion will surely wonder how the judge presiding over litigation gets to be a party to an appeal from his judgment, so we deem it appropriate to comment on the subject.

It was said in Strother v. Day, Ky., 279 S.W.2d 785, 788, (1955), that a proceeding for the probate of a will is in rem, though the statutory provisions for notice to interested parties give it the character of an action inter partes. Cf. KRS 394.170, 394.-180. KRS 394.240 provides for an appeal to the circuit court from a judgment of the county court admitting a will to probate or rejecting it.

KRS 395.015(2) and 395.016 provide for notice in connection with an application for letters of administration in the case of intestacy. Chapter 395 does not include a section covering an appeal to the circuit court from an order granting or denying the application, but KRS 23.030 authorizes appeals to the circuit court "from orders granting, revoking or refusing letters testamentary or of administration," etc.

We cite the foregoing statutory sections to illustrate the similar nature of

E. P. Sawyer, Jefferson County Atty., Edith F. Stanley, Asst. County Atty., Louisville, for appellant.

Winfrey P. Blackburn, Jr., McElwain, Dinning, Clarke and Winstead, Louisville, for appellee.

PALMORE, Judge.

KRS 422.130 creates a presumption of death if a resident of this state leaves it and does not return in seven years. In

proceedings for probate and for administration, in view of which it is our opinion that the principles regarding jurisdiction in a probate proceeding under KRS Ch. 394 apply equally to an application for letters of administration under KRS Ch. 395.

■ Neither the statutes nor the Civil Rules indicate the procedure for an appeal if there are no adverse parties. If an application in which all interested parties have joined is denied, they have no adversary against whom to take an appeal. In such a case the remedy that suggests itself as appropriate is mandamus against the judge who has refused the application. Cf. Franklin v. Pursiful, 295 Ky. 222, 173 S.W.2d 131 (1943); Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197 (1947); Coffey v. Anderson, Ky., 371 S.W.2d 624 (1963). Technically, the appellee trust company did not sue for mandamus, but by making the judge the appellee in its appeal to the circuit court it accomplished the same purpose, so we treat that appeal as if it had been an original action in the circuit court for mandamus.

■ There is an interesting difference between KRS Ch. 394 and Ch. 395 in that KRS 394.130 provides that the admission of a will to probate by a county court "shall be conclusive, *except as to jurisdiction* of the court, until superseded, reversed or annulled." (Our emphasis.) That section, we believe, recognizes that a county court may determine its own jurisdiction, subject to either direct or collateral attack. In fact, to that limited extent it would seem that any court must have the power to determine its jurisdiction. If the fact of death had to be established in a court of general jurisdiction before a county court could entertain the administration of an estate, it seems to us that it would be equally necessary in a case of actual death as in the instance of presumed death. The same reasoning applies to the jurisdictional requirement of residence. Cf. KRS 394.140, 395.030; Miller v. Swan, 91 Ky. 36, 14 S.W. 964 (1890).

KRS 25.110 gives county courts jurisdiction "to probate wills, appoint and remove personal representatives," etc. It was held in Hensley v. O'Forest, 313 Ky. 789, 233 S.W.2d 996 (1950), that this jurisdiction includes the power to determine whether a paper offered as a will actually is a will. In fact, that particular determination was held conclusive against collateral attack, though the opinion cites authority to the effect that this would not be true as to a determination of residence. Whether an order of the county court determining the fact of death is subject to collateral attack is, of course, a question that is not presented by this case.

■ Our conclusion that the circuit court was correct in reversing the probate court is supported by the following excerpt from Jacobs's Adm'r v. Louisville & N. R. Co., 73 Ky. (10 Bush) 263, 268–269 (1874):

"The radical error of this position is the assumption that in matters of probate, and in granting administration, county courts are courts of limited and special jurisdiction. In such matters their jurisdiction is not only general but exclusive. Under the laws of this state no other than a county court can probate a will or grant letters of administration; and in every instance in which there is a will to be proved, or a case of intestacy in which the intestate leaves property of any character or description in this state, some one of its county courts may rightfully assume juridsiction.

"There is a marked distinction between a court having general and exclusive jurisdiction over a limited number of subjects and a court having no jurisdiction over certain subjects except in cases in which certain essential and indispensable facts shall exist. In the latter case the rule that the facts conferring the jurisdiction must appear in the

record of the proceedings applies to all courts, circuit as well as county.

"The rule does not grow out of nor depend upon the fact that the court has jurisdiction of only a limited number of subjects, but that it has not full and complete jurisdiction of the subject-matter about which it assumes to act.

"If the jurisdiction over the subject-matter is complete and unlimited, the action of the court will always be taken to be within its authority and jurisdiction, unless the contrary appears."

The judgment is affirmed.

All concur.