RENDERED:  JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1112-MR

GREENUP COUNTY BOARD OF
EDUCATION; AND STEVE HALL,
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES                                                                    APPELLANTS


APPEAL FROM GREENUP CIRCUIT COURT
v.        HONORABLE REBECCA K. PHILLIPS, SPECIAL JUDGE
ACTION NO. 13-CI-00462


LUTHER GRIZZLE                                                              APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  Luther Grizzle initiated a civil suit in Greenup Circuit Court

against the Greenup County Board of Education (Board), as well as its

superintendent, Steve Hall (in both his official and individual capacities).  The

Board and Hall then moved to summarily dismiss Grizzle's suit on immunity

grounds, but their motions were denied. This interlocutory appeal followed. We reverse to the extent that the circuit court concluded the appellants were not entitled to immunity, insofar as Grizzle's suit asked for monetary damages. We further believe the circuit court's application of Kentucky Revised Statute (KRS) Chapter 45A with respect to the immunity questions caused it to incorrectly conclude that this matter should be transferred to Franklin Circuit Court. We remand for further proceedings in Greenup Circuit Court.

## I. THE COMPLAINT

Understanding our disposition of this appeal requires, at the onset, understanding the nature of the civil suit Grizzle asserted against the Board and Hall. That is accordingly our starting point, and we will begin with the only complaint Grizzle filed in this matter. In relevant part, his July 24, 2013 complaint in Greenup Circuit Court alleged:

> 1. Luther Grizzle is a resident of Greenup County, Kentucky.
>
> 2. The Greenup County School Board is an independent political body located in Greenup County, Kentucky.
>
> 3. Steve A. Hall is a resident of Greenup County, Kentucky.
>
> 4. The Greenup Circuit Court has jurisdiction over this matter.

5.  On or about the ___ day of _____, 20__, the Plaintiff and the Defendants entered into a contract, as evidenced by the attached Exhibit A.[1]

6.  In violation of said contract, the Defendants, Greenup County School Board and Steve Hall, both individually and personally, failed to renew said contract with Luther Grizzle without cause.

7.  Under the terms of the contract, the Defendants could only fail to renew Mr. Grizzle's contract due to "incompetence, neglect of duty, insubordination, inefficiency, misconduct, immorality, or other reasonable grounds which are specifically contained in the contract."

8.  Mr. Grizzle has never been notified by any entity or individual of what he may have done in violation of the contract.

9.  Mr. Grizzle was offered the attached Exhibit B contract.

10.  The Defendants all know that Mr. Grizzle is not qualified for the position he was offered, which was that of essentially an aid to special needs children at McKell in the Greenup County School System.

11.  The failure to renew his contract is wrongful, without basis, and an intentional act.

12.  The Plaintiff has and will continue to suffer damages as a result of the wrongful action of the Defendants, including but not limited to loss of pay, loss of benefits, loss of accumulation of retirement, and other damages to be proven during discovery and at trial.

---

[1] Grizzle never indicated in his complaint when he entered into his contract with the appellants, nor does his complaint of record include either an "Exhibit A" or "Exhibit B."  He did, however, include his complete, written contract as an exhibit to his December 23, 2014 response to the appellants' summary judgment motions.

13. The actions of the Defendants are wanton and intentional in nature and, as such, Mr. Grizzle demands punitive damages from all Defendants for their conduct.

WHEREFORE, the Plaintiff, Luther Grizzle, prays that this [c]ourt order that he be reinstated to his contract terms, with back pay and back benefits; for punitive damages in an amount to be determined by the [c]ourt or a jury; for his costs herein expended, including a reasonable fee for his attorney; and for any and all other relief to which he may appear entitled.

Grizzle's complaint is somewhat open to interpretation; without specifying any legal theory, it mentions a contract, but also uses phrases commonly associated with tort law, such as "wanton," "intentional act," and "punitive damages." But, Grizzle clarifies that his sole cause of action – in his view – was *breach of contract*. He states on page ten of his appellate brief – as he did in his various other filings below – that he "never pursued a tort claim against the Appellants. [His] Complaint alleges the partied [sic] entered into a contract, the terms of which were later breached by the Appellants."

## II. STATUTORY RIGHTS

That aside, it is important to note a few salient points about Grizzle's "contract" before taking Grizzle's characterization of his claims at face value. It was an employment agreement, specifying Grizzle's employment with the Board was as a "classified" employee of the Greenup County School District. All counsel agree that Grizzle had more than four years of continuous active service

-4-

with the district and, as he represents, this was but one of a succession of year-to-year contracts Grizzle had entered with the Board. As noted, Grizzle alleged the appellants breached the contract through their "failure to renew" it without notifying him "of what he may have done in violation of the contract." However, the Board points out that Grizzle was given notice and paid out for the remainder of his contract. No one disputes that there was no hearing requested nor any held before the within case was filed in the circuit court in Greenup County.

The Board's policy regarding "Discipline, Suspension and Dismissal of Classified Employees" (Policy 03.27), referenced "KRS 161.011." And that statute, in turn, gave rise to Grizzle's "contract." The phrase "classified employee" is a statutory term of art. Pursuant to KRS 161.011(1)(a), it "means an employee of a local district who is not required to have certification for his position as provided in KRS 161.020[.]" Likewise, a "classified employee" has *statutory* rights. Relevant to this matter, KRS 161.011 provides:

> (5) Local districts shall enter into written contracts with classified employees. Contracts with classified employees shall be renewed annually except contracts with the following employees:
>
> . . . .
>
> > (b) An employee who has completed four (4) years of continuous active service, upon written notice which is provided or mailed to the employee by the superintendent, no later than May 15,

-5-

that the contract is not being renewed due to one (1) or more of the reasons described in subsection (7) of this section. Upon written request within ten (10) days of the receipt of the notice of nonrenewal, the employee shall be provided with a specific and complete written statement of the grounds upon which the nonrenewal is based. The employee shall have ten (10) days to respond in writing to the grounds for nonrenewal.

. . . .

(7) Nothing in this section shall prevent a superintendent from terminating a classified employee for incompetency, neglect of duty, insubordination, inefficiency, misconduct, immorality, or other reasonable grounds which are specifically contained in board policy.

. . . .

(9) Local school boards shall develop and provide to all classified employees written policies which shall include but not be limited to:

(a) Terms and conditions of employment;

(b) Identification and documentation of fringe benefits, employee rights, and procedures for the reduction or laying off of employees; and

(c) Discipline guidelines and procedures that satisfy due process requirements.

Pursuant to KRS 161.011(5)(b) and (7), Grizzle was a classified employee; thus his employment could only be terminated (or his contract could only be non-renewed) based upon specific grounds listed in the statute, which were then set forth in his employment contract. Pursuant to KRS 161.011(9)(c), Grizzle's employment rights were governed by the Board's "written policies" including its "[d]iscipline guidelines and procedures that satisfy due process requirements." In the context of KRS Chapter 161, written contracts with classified employees, as well as certified teachers,[2] are required by statute; the substance of those contracts is governed by statute; and the contract itself is considered a "legislative grant." *See Bd. of Educ. of Harrodsburg v. Powell*, 792 S.W.2d 376, 379 (Ky. App. 1990).

Continuing in that vein, the Kentucky Supreme Court has explained that a suit alleging the breach of a contractual provision relating to employee termination or rehiring, but which is based upon grounds inside the governance of KRS Chapter 161, "does not present a common law breach of contract claim," but rather a statutory wrongful termination claim. *See Jefferson County Bd. of Educ. v. Edwards*, 434 S.W.3d 472, 478 (Ky. 2014). In other words, despite any verbiage to the contrary, such a claim is *not* contractual, it is statutory. *Id*. As an aside,

---

[2] *See* KRS 161.730.

*Edwards* addressed this issue in the context of a *certified* employee's (*i.e.*, teacher's) purported claim for breach of contract against the school board that terminated his employment – a claim governed by KRS 161.790. *Id.* Nevertheless, the same general rule holds true for classified employees: their claims of either wrongful termination or wrongful non-renewal of contract stem from and are governed by KRS 161.011. *See, e.g.*, *Alvey v. Davis*, 583 S.W.3d 20 (Ky. App. 2019) (illustrating the nature of these statutory claims; how they are properly presented; and the extent to which a circuit court is authorized to consider them).

Similarly, this Court in *Hammond v. Little* discussed the provisions of KRS 161.011 in a similar setting and noted that classified school employees in Kentucky receive a statutory contract, or in a broader sense, a legislative grant. *Hammond v. Little*, No. 2016-CA-000707-MR, 2018 WL 1357485 (Ky. App. Feb. 23, 2018)[3] (citing *Bd. of Educ. of Harrodsburg*, 792 S.W.2d at 379). As in that case, the only remedy available if there was any violation of KRS Chapter 161 in this instance would be limited to a remand for a hearing in compliance with KRS 161.765(2). Both parties agreed that the contract itself for the year that Grizzle was employed was paid out in full.

---

[3] We find *Hammond* to be persuasive authority in this case and proper to cite as it fulfills the criteria of Kentucky Rule of Civil Procedure (CR) 76.28(4).

The essential thrust of Grizzle's claim, as set forth in his complaint, was that the Board and its superintendent, Hall, failed to *comply with their statutory obligations* under KRS Chapter 161 regarding his rights to notice and due process relative to the non-renewal of his contract – grounds squarely within the governance of KRS Chapter 161. Accordingly, Grizzle's claim was based upon statute, not contract; and it therefore sounded not in contract or tort, but in *equity*. *See, e.g.*, *Roberts v. Fayette Cty. Bd. of Educ.*, 173 S.W.3d 918, 923 (Ky. App. 2005) (explaining that a claim for relief "directing the Board to comply with the statute, sounds in equity rather than in tort.").

Specifically, as illustrated in *Alvey*, 583 S.W.3d 20, and as set forth in KRS 161.011 itself, the only remedy permitted under KRS 161.011 for wrongful termination is in the nature of *prospective injunctive relief*: if there is compliance with KRS 161.011(5); if the aggrieved employee subsequently invokes the Board's due process procedures for contesting the termination or non-renewal; and if the aggrieved employee ultimately succeeds in his or her case, the termination is deemed invalid and the employee is effectively reinstated. In this record, the Court cannot even determine whether there was compliance with the statute, or any exercise of administrative processes, or any due process violation.

Apart from that, monetary damages for a purported violation of KRS 161.011 are not contemplated by the statute nor permitted:

-9-

[T]here is no language in KRS 161.011 which waives immunity to permit a classified school employee to recover back-pay and lost benefits if the provisions of KRS 161.011 are not complied with. Nor is there any overwhelming implication that immunity is waived. The failure to permit such damages does not, as Little suggests, render the statute meaningless. Prospective claims for relief through promptly filed actions to compel compliance with the statute prevent back-pay from accruing[.]

*Hammond v. Little*, 2018 WL 1357485, at *5.

### III. IMMUNITY

Having defined the nature of Grizzle's claim, we now return to what occurred during the proceedings below and, particularly, how the circuit court resolved the appellants' asserted defenses of *immunity*. In their respective answers, the Board and Hall (in his official capacity) asserted governmental immunity; and Hall (in his individual capacity) asserted qualified immunity. Later, both moved for summary judgment on those bases.

Regarding the former defense, school districts (and their representatives sued in their official capacities) are considered arms of the Commonwealth and are thus entitled to "governmental immunity."[4] That is, absent

---

[4] *See Ammerman v. Bd. of Educ. of Nicholas Cty.*, 30 S.W.3d 793, 797 (Ky. 2000) (explaining local boards of education qualify as arms of state government entitled to immunity); *see also Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 718 (Ky. 2007) (explaining "State agency officials or employees, when sued in their official capacity, have the same immunity as their employer.").

a waiver from the General Assembly,[5] they cannot be sued for monetary damages based upon acts they have taken "which constitute governmental functions, *i.e.*, public acts integral in some way to state government." *See Breathitt Cty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). Regarding the latter defense, employees of school districts sued in their individual capacities are entitled to "qualified immunity." They cannot be sued for monetary damages based upon acts they have taken that (1) involved the exercise of discretion and judgment; (2) were taken in good faith; and (3) were within the scope of the employee's authority. *See Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).

As discussed, the circuit court denied the summary judgment motions even though the court specifically found no evidence of bad faith on the part of the superintendent. As to why, its August 12, 2020 order to that effect seized upon the "breach of contract" and tort-like language of Grizzle's complaint. With respect to the asserted defense of governmental immunity, the circuit court reasoned: (1) the Board qualifies as an arm of the Commonwealth; (2) pursuant to KRS 45A.245, the Commonwealth has effectively waived governmental immunity for its various arms insofar as liability for written contracts is concerned;[6] and therefore (3) the

---

[5] Only the General Assembly may limit or waive governmental immunity. *See Withers v. Univ. of Kentucky*, 939 S.W.2d 340, 344 (Ky. 1997).

[6] The Kentucky Supreme Court has explained that KRS 45A.245 does indeed signal that the General Assembly has waived governmental immunity insofar as written contracts with its

Board and Hall (in his official capacity) were precluded from asserting governmental immunity because, in its view, Grizzle's claim involved a dispute over a written contract with an arm of the Commonwealth.

In short, the trial judge felt it was bound by the Kentucky Supreme Court decision in *University of Louisville v. Rothstein*, 532 S.W.3d 644, which concluded that the Commonwealth and its various arms had waived immunity from liability for written contracts with its interpretation of KRS 45A.245. Further, because it believed KRS 45A.245 was dispositive of this matter, the circuit court also held that, pursuant to KRS 45A.245(1), it was consequently required to "transfer" this matter to Franklin Circuit Court pending the outcome of any interlocutory appeal. We certainly understand the circuit court's conclusion, but we also note there is no published case law which extends the application of KRS 45A.245 to local and county boards of education. Even more telling, there are

---

various arms are concerned. "We now hold that KRS 45A.245 is an unqualified waiver of immunity in all cases based on a written contract with the Commonwealth, including but not limited to employment contracts." *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017).

In relevant part, the statute provides:

> (1) Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth at the time of or after June 21, 1974, may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury. All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

-12-

multiple cases involving claims virtually identical to this where the employee is essentially seeking relief from what is perceived as a violation of KRS 161.011 or similar provisions contained within that chapter.

While we are similarly bound to follow the Kentucky Supreme Court's decisions, we are not convinced that the Court or the legislature intended for KRS 45A.245 to be so applied and require all suits across the Commonwealth for statutory violation claims under KRS Chapter 161 to be moved from their local and county courts to Franklin County. We are not at liberty to disregard *Rothstein*, any more than the circuit court. However, we do not agree that *Rothstein* applies because we do not find KRS 45A.245 to be dispositive.

In *Edwards*, 434 S.W.3d at 476-78, our Kentucky Supreme Court held that a teacher's failure to exhaust administrative remedies deprived the circuit court of jurisdiction over a statutory wrongful termination claim. In *Ammerman*, 30 S.W.3d at 793-800, which preceded *Rothstein*, the Supreme Court affirmed a Nicholas Circuit Court ruling without any mention or suggestion that KRS Chapter 45A applied or required transfer to Franklin County. The Court held that immunity applied to school districts in the absence of a statutory waiver of immunity. The Court did *not* find that immunity was waived based merely on the alleged violation of a statute conferring contractual rights. *Ammerman* was not mentioned by the Court in *Rothstein*.

In *Benningfield v. Fields*, 584 S.W.3d 731 (Ky. 2019), the Kentucky Supreme Court addressed a claim by an employee against the Taylor County Fiscal Court as the employer as well as individual members of that Court, for a civil rights violation. While finding that KRS 342.197 does implicitly waive immunity for government employers accused of violating *that* statute, the Court did not order that the case had to be transferred or refiled in Franklin Circuit Court under the provisions of the Model Procurement Code, as the Greenup Circuit Court held in this instance. Rather, the Supreme Court in *Benningfield* simply reversed a summary judgment in favor of the employer and remanded the matter to Taylor Circuit Court to determine whether there was any violation of KRS 342.197 by the Taylor Fiscal Court. *Benningfield* followed *Rothstein* but makes no reference to KRS Chapter 45A.

Finally, in *Hammond*, 2018 WL 1357485, no waiver of immunity was found in the language of the statutes relied upon as a part of the cause of action advanced. Again, the dispute involved statutory terms which the plaintiffs asserted were contractually binding.

The circuit court herein felt bound by *Rothstein* and concluded this was a suit over a written contract and that immunity was waived by application of KRS 45A.245. Even were we to agree, the damages recoverable by this appellee would be limited considerably to the amount of the contract, which we were told

-14-

was fully paid out.[7]  However, we do not find that *Rothstein* requires a finding of a waiver of immunity under KRS Chapter 45A for a local school superintendent and board charged by a different statute with certain obligations and who has been alleged to have failed to comply with those.  Instead, we perceive this as indistinguishable from *Edwards*, *Hammond*, and *Ammerman*.

In so doing, we recognize that the Kentucky Supreme Court may need to address this issue further and provide guidance in the context of local school board employment cases.  We are unaware of any authority since *Rothstein*, in 2017, which requires that KRS Chapter 161 claims against local school boards be heard in Franklin Circuit Court.  Indeed, there is long standing authority that local boards are not subject to suit in any county other than the one where they sit. *Pendleton County Bd. of Educ. v. Simpson*, 91 S.W.2d 557, 559-60 (Ky. 1936) ("All of the acts performed by county boards of education are made and done locally within the county.  Its jurisdiction is confined to its county.  It is an incorporated subdivision of the free school system of the state, but circumscribed in exercising its proper functions to its particular county.  Any other rule permitting the bringing of such actions within any other venue of the state that [sic]

---

[7] KRS 45A.245(2) limits damages on an contract claim to the amount of the original contract, stating, "[i]f damages awarded on any contract claim under this section exceed the original amount of the contract, such excess shall be limited to an amount which is equal to the amount of the original contract."

in that county would result in great harassment of the board and the custodian of its records, as well as incurring large expenditures in defending such foreign brought actions of the nature herein involved.").

Consistent with the aforementioned authorities, we disagree with the circuit court's application of KRS 45A.245 and thus reverse to the extent that the circuit court found it applicable and in so doing denied the appellants' immunity arguments. Likewise, we reverse the circuit court to the extent it decided that a transfer to Franklin Circuit Court was warranted in this matter. Rather, we believe its decision was, as noted, a symptom of its improper application of KRS 45A.245 to the underlying equity and immunity dispute.

## IV. LIMITED JURISDICTION

The appellants also ask this Court to review other issues affecting the circuit court's subject matter jurisdiction and the merits of Grizzle's underlying civil suit as to prospective injunctive relief. This we cannot do although the record does leave us with many questions. In *Baker v. Fields*, 543 S.W.3d 575, 578 (Ky. 2018), the Kentucky Supreme Court explained our limited role in deciding immunity issues on interlocutory appeal.

> A court can only address the issues presented in the interlocutory appeal itself, nothing more. Otherwise, interlocutory appeals would be used as vehicles for bypassing the structured appellate process. Specifically, this means, and we hold, that an appellate court reviewing an interlocutory appeal of a trial court's

-16-

determination of a defendant's immunity from suit is limited to the specific issue of whether immunity was properly denied, nothing more.

*See also Commonwealth v. Samaritan All., LLC*, 439 S.W.3d 757, 760 (Ky. App. 2014) ("Although a party can immediately appeal from the denial of a motion to dismiss based upon absolute immunity, most other substantive defenses must wait for adjudication by a final order.").

## V.  CONCLUSION

Consistent with what is set forth above, we REVERSE AND REMAND to the Greenup Circuit Court, for further proceedings consistent with this Opinion.

LAMBERT, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANTS:

Suzanne Cassidy
Covington, Kentucky

BRIEF FOR APPELLEE:

Robert T. Renfroe
R. Stephen McGinnis
Greenup, Kentucky

ORAL ARGUMENT FOR APPELLANTS:

Suzanne Cassidy
Covington, Kentucky

ORAL ARGUMENT FOR APPELLEE:

Robert T. Renfroe
Greenup, Kentucky