**BOARD OF EDUCATION OF NELSON COUNTY, Appellant,**

v.

**Katherine C. LAWRENCE, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1963.

Rehearing Denied March 20, 1964.

Ben Fowler, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, amicus curiae, Commonwealth of Kentucky.

Robert M. Spragens, Lebanon, for appellee.

Lucian L. Johnson, Louisville, amicus curiae, Jefferson Co. Bd. of Education.

CULLEN, Commissioner.

Katherine C. Lawrence had served as a principal of an elementary school in the Nelson County school system for seven years, and had acquired continuing service status. During the 1958–59 school year she received a base salary of $3,950 and additional compensation of $1,159 for her various added responsibilities as principal. For

the 1959–60 school year she was removed by order of the board of education from her position as principal and assigned to an ordinary teaching position, the additional compensation she had received as principal being eliminated. She brought action against the board to recover the difference in salary and judgment was entered in her favor. The board of education moved for an appeal to this court, which was granted.

In Williamson v. Cassady, 311 Ky. 666, 224 S.W.2d 934, Board of Education of Bath County v. Hogge, Ky., 239 S. W.2d 459, and Board of Education of Pike County v. Justice, Ky., 268 S.W.2d 648, this Court held that the position of a teacher holding a continuing service contract could be changed but that, by virtue of the provisions of KRS 161.760, her salary could not be reduced unless as a part of a uniform plan affecting the entire district. The primary contention of the appellant board of education in the instant case is that KRS 161.760 has been repealed by implication, or as appellant's counsel says, "rendered obsolete," by the Minimum Foundation Law, particularly KRS 157.320(13), (14) and KRS 157.350(3). The latter sections require a school district, in order to participate in the distribution of funds under the Minimum Foundation Program, to pay all teachers on the basis of a "single salary schedule," which is based on "training, experience and such other factors as the State Board of Education may approve."

Under the Minimum Foundation Program all teachers having the same qualifications are required to be payed the same *base* salary. However, the law recognizes that teachers given extra responsibilities or duties, such as those of a principal, may be allowed extra compensation therefor. The appellant board of education argues that by reason of the "single salary" provisions of the Minimum Foundation Law, "salary" as used in KRS 161.760 must now be construed as meaning *base* salary, and that to permit a teacher to continue to draw compensation for extra duties when she no longer is performing those duties would violate the "single salary" requirement.

We find no merit in the argument. The Minimum Foundation Law provides that the single salary schedule shall be based on training, experience and "other factors." KRS 161.760 says in effect that if a teacher having continuing service status has been entrusted with a position of extra responsibility which carries extra compensation above the base salary, she shall be deemed to possess such experience, training and other qualifications as to command the higher pay, and is entitled to continue to receive the higher compensation by reason of such qualifications, without regard to whether she continues to be assigned extra duties.

The plain fact is that the tenure law states a clear policy that a teacher with a continuing service status, once promoted in salary, cannot be demoted in salary without such cause as would justify termination of her contract, and elimination of duties or responsibilities cannot be used as a device for demotion in salary. There is nothing in the Minimum Foundation Law that evinces a legislative intent to depart from this policy. Certainly this Court could not base a finding of repeal by implication on such a remote implication as is here argued.

The appellant, and the Board of Education of Jefferson County as amicus curiae, complain of the serious administrative problems that grow out of this Court's interpretation of the tenure law. It appears to us, however, that the complaints are in reality addressed to the very existence of the tenure law, with which the school administrators seem to be most unhappy. Obviously any law that guarantees tenure rights to employes will create administrative problems for the employer, but that is not a ground upon which the courts can invalidate the law. The plain meaning of a law cannot be ignored by the courts simply because another meaning might be considered to state a better policy.

The Attorney General, as amicus curiae, presents the argument that because the school administrators, for a number of years, have persisted in interpreting the tenure law exactly opposite to the interpretation this Court repeatedly has given it, the administrative interpretation should prevail under the doctrine of contemporaneous construction. It strikes us that this would create a doctrine of contemptuous construction instead of contemporaneous construction.

The Attorney General further maintains that to permit a teacher to continue to be paid extra compensation, initially allowed for extra duties, after the extra duties have been eliminated, would amount to an unconstitutional diversion of school funds. The answer to this, as hereinbefore stated, is that the continuation of the extra pay is not for extra duties, but for extra qualifications.

The judgment is affirmed.