**BOARD OF EDUCATION OF McCREARY COUNTY et al., Appellants,**

v.

**Lowell M. STEPHENS, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

William L. Rose, Williamsburg, G. W. Hatfield, Jr., Whitley City, for appellants.

J. B. Johnson, Jr., Williamsburg, for appellee.

DAVIS, Commissioner.

Lowell M. Stephens, appellee, has been employed by the Board of Education of McCreary County since 1949. He had attained continuing-service contract status. Stephens served as principal for the school year 1965–1966 and received a salary in such position of $6604. On May 13, 1966, a letter was directed to Stephens by the superintendent of the Board of Education of McCreary County which, omitting its caption, recited:

> "The McCreary County Board of Education, at its regular meeting May 6, has instructed me to notify you that your employment as a principal will terminate as of the end of this school year; and, beginning with the 1966–67 school year, you will be reassigned as a teacher.
>
> "The above decision is based upon the belief that you are not tempermentally suited for the position of principal."

Stephens testified that the letter was handed to him by the assistant superintendent who assured him that there would be no change in Stephens' salary. For the Board of Education, the evidence was to the effect that there was no discussion of salary at all.

Stephens accepted assignment as a teacher in the system and assumed his duties in August 1966. On September 27, 1966, a letter was directed to Stephens over the signature of the superintendent informing Stephens that whereas his former salary had been $6604 it would be only $5600 for the then current year. Significantly, the

letter contained the opening sentence: "We have finally got a tentative salary schedule formulated."

Stephens instituted this action seeking recovery of $1004 based on his contentions that he had a continuing service contract and that no legal basis existed for the Board's reduction of his salary from $6604 to $5600. The trial court awarded judgment in favor of Stephens for the amount claimed. A motion for appeal in behalf of the Board and its members was sustained. The appellants contend that KRS 161.760 warranted reduction of Stephens' salary in light of the elimination of the extra service and administrative and supervisory duties of Stephens when his assignment was changed from principal to teacher.

In Board of Education of Nelson County v. Lawrence, Ky., 375 S.W.2d 830, this court construed KRS 161.760 as it then existed and held that the Board of Education had no authority to reduce the salary of a principal who had acquired continuing-service status merely because of his removal from the position as principal and assignment to an ordinary teaching position, unless such reduction was accomplished as a part of a uniform plan affecting the entire district. . Subsequent to that decision, KRS 161.760 was amended in 1964 by including the following provisions:

"(2) Upon recommendation of the superintendent and approval of the board of education reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary; provided that written notification setting forth the reason or reasons for such reduction shall be furnished the teacher not later than May 15.

"(3) Employment of a teacher, under either a limited or continuing contract, is employment in the school district only and not in a particular position or school."

The appellants contend that the just-quoted amendments to KRS 161.760 authorized the Board's action and effectively overruled our decision in Board of Education of Nelson County v. Lawrence, Ky., 375 S.W.2d 830. Appellee concedes that KRS 161.760 as now constituted affords a process by which boards of education may effect reduction in salary along with reduction of responsibility for a teacher, but points out that the Board of Education of McCreary County did not comply with the statutory prerequisites for accomplishing that purpose in this case. It is noted that KRS 161.760(1) provides in pertinent part:

"Each board of education shall cause notice to be given annually not later than July 1 to each teacher who holds a contract valid for the succeeding school year, stating the best estimate as to the salary to be paid such teacher during such year. Such salary shall not be lower than the salary paid during the preceding school year unless such reduction be a part of a uniform plan affecting the entire district, or unless there is a reduction or elimination of extra service, administrative and/or supervisory duties and responsibilities of the teacher or other certified personnel."

■ Attention is directed to the fact that KRS 161.760(2), already quoted, elaborates on the process of effecting reduction of responsibilities and salary for a teacher and provides that: " * * * written notification setting forth the reason or reasons for such reduction shall be furnished the teacher not later than May 15." Thus, reasons the appellee, the Board of Education of McCreary County did not timely notify him of a proposed reduction of salary in that it failed to so inform him either before May 15 or July 1. It is our view that the appellee is correct in this contention, and the failure of the Board of Education of McCreary County to notify Stephens by May 15, as required by KRS 161.760(2), foreclosed the Board's right to reduce Stephens' salary for the ensuing school

year, even though it had reduced his extra duties as principal.

 There is no merit in the argument for appellants that Stephens should be estopped from claiming the full salary because he proceeded to serve as a teacher after being notified of the reduced salary on September 27. Inasmuch as Stephens' right to receive his former salary stemmed from his continuing-service contract and the statutory provisions governing it, the doctrine of estoppel has no application. See Tobacco By-Products & Chemical Corporation v. Western Dark Fired Tobacco Growers Ass'n, 280 Ky. 469, 133 S.W.2d 723, in which it was recognized that ordinarily one may not be estopped to assert the direct violation of a statutory provision which has the effect of a statutory contract.

The judgment is affirmed.

All concur.