Ray Walker SETTLE, Appellant,

v.

Roy R. CAMIC, Superintendent of the Boyle County Schools, and Board of Education of Boyle County, Kentucky, Appellees.

Court of Appeals of Kentucky.

June 10, 1977.

Arthur L. Brooks, Brooks, Sullivan & Saunders, Lexington, for appellant.

F. C. Bryan, Bryan & Fogle, Mount Sterling, William M. Dishman, Jr., Silliman & Dishman, Danville, for appellees.

Before COOPER, HOWARD and WHITE, JJ.

COOPER, Judge:

This appeal is from a judgment entered in the Boyle Circuit Court granting a summary judgment to Appellees and dismissing the complaint of the Appellant.

During the school year of 1970–71 the Appellant, Ray Walker Settle, was employed by the Appellee, Board of Education of Boyle County, as Principal of the Parksville Elementary School in the Boyle County School System with an annual salary of $9,500. Appellant had taught in the Boyle County School System since the school year of 1966–67 and had a continuing service contract with the said Appellees.

Roy R. Camic was Superintendent and Secretary of the Boyle County School System for the school years 1970–71 through 1973–74, and as Superintendent he was the executive agent for the Board.

In March and April of 1971, the Appellee, Boyle County Board of Education, consolidated the Parksville School with the new Boyle County Elementary School System for the year of 1971–72, which resulted in a reduction of the faculty in Parksville School to four (4) teachers.

Under the rules of the Kentucky Department of Education, an elementary school with four (4) teachers requires the use of a head teacher rather than a principal. The Appellant was aware of the changes to be brought about by the consolidation.

On Friday of the first week in May, 1971, Superintendent Roy R. Camic met with the Appellant, Ray Walker Settle, and offered him the job as head teacher at Parksville Elementary for the coming school year of 1971–72. This offer was first refused, but later accepted by the Appellant and approved by the Board on June 1, 1971. Appellant served in this position for a year and accepted the salary reduced to $9,300 for head teacher.

On May 23, 1972, at the direction of the Kentucky Department of Education, Parksville Elementary School was closed and the

students moved to Boyle County Elementary School for the 1972–73 school year. Appellant was hired as a classroom teacher in 1972–73 at Boyle County Elementary School at a salary of $7,923. He was re-employed in the same position for the year of 1973–74. His salary for this latter year was $8,364. Appellant contends that his salary for each of these years following the 1970–71 school year was invalid.

A number of questions have been argued by both Appellant and Appellees concerning various phases of this case. We believe, however, that this matter should be decided on the following question:

> WERE APPELLEES REQUIRED TO GIVE STATUTORY NOTICE TO APPELLANT FOR A REDUCTION IN DUTIES AND SALARY AFTER AN APPARENT MUTUAL, ORAL AGREEMENT HAD BEEN REACHED BETWEEN THE PARTIES?

In recent years many questions have been presented to the Court of Appeals concerning the rights of boards of education, employers and teachers under the Teachers Retirement and Tenure Act. The Court of Appeals very zealously guards the rights of all parties in these matters and some standard or guideline must be set to prevent further chaotic confusion.

Under KRS 161.740 a teacher employed for the fifth consecutive year in a particular school system becomes entitled to a "continuing service contract" with that system. *Moore v. Babb*, Ky., 343 S.W.2d 373 (1960). Under KRS 161.720(4) this statutory contract remains in full force and effect until the teacher resigns, retires, reaches age 65, or until terminated for "cause" pursuant to the provisions of KRS 161.790, or suspended under KRS 161.800. The Plaintiff herein had a "continuing service contract" during all material times, and his contract had not been terminated or suspended.

KRS 161.760 contains provisions pertaining to salaries to be paid to public school teachers, and requisites for reducing a teacher's salary, in the following terms:

(1) Each board of education shall cause notice to be given annually not later than July 1 to each teacher who holds a contract valid for the succeeding school year, stating the best estimate as to the salary to be paid such teacher during such year. Such salary shall not be lower than the salary paid during the preceding school year unless such reduction be a part of a uniform plan affecting the entire district, or unless there is a reduction or elimination of extra service, administrative and/or supervisory duties and responsibilities of the teacher or other certified personnel.

. . .

(2) Upon recommendation of the superintendent and approval of the board of education reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary; provided that written notification setting forth the specific reason or reasons for such reduction shall be furnished the teacher not later than May 15.

In *Board of Education of McCreary County v. Stephens*, Ky., 449 S.W.2d 421 (1970), the Court of Appeals held that where a board of education did not timely notify a former principal of a proposed reduction in salary in accordance with the statute permitting reduction in salary corresponding to reduction of responsibility, the salary of the former principal, who had attained continuing service contract status, could not be reduced to reflect a change of responsibility in being assigned as a teacher.

In holding for *Stephens*, the Court of Appeals quoted the portions of KRS 161.760 set out above, and then stated as follows:

Attention is directed to the fact that KRS 161.760(2), already quoted, elaborates on the process of effecting reduction of responsibilities and salary for a teacher and provides that:

". . . written notification setting forth the reason or reasons for such reduction shall be furnished the teacher not later than May 15."

Thus, reasons the Appellee, the Board of Education of McCreary County did not timely notify him of a proposed reduction of salary in that it failed to so inform him either before May 15 or July 1. It is our view that the Appellee is correct in this contention, and the failure of the Board of Education of McCreary County to notify Stephens by May 15, as required by KRS 161.760(2), foreclosed the Board's right to reduce Stephens' salary for the ensuing school year, even though it had reduced his extra duties as principal.

It is our opinion that the holding in the *Stephens* case, *supra*, is dispositive of the issues presented by the case at bar. The contract which the Appellant has with the Appellee is one created by statute, and its terms and conditions are likewise statutorily defined. *Gullett v. Sparks*, Ky., 444 S.W.2d 901 (1969). It appears from the record that the Appellant was aware, previous to May 15, 1971, that he would be receiving a reduction in duties and salary for the coming school year. The record leaves unclear whether or not be was aware of what his 1972–73 duties and salary would be previous to May 15, 1972. In any event, the Appellee in both years failed to notify the Appellant in writing of such reductions, as required by KRS 161.760.

The judgment is reversed for proceedings consistent with this opinion.

All concur.