**BOARD OF EDUCATION OF RUSSELL COUNTY, J. D. Melson, Arlus Chumbley, Rodney Snow, Scott Pierce, and Gary McQueary, Appellants,**

v.

**Melvin GARNER, and Ronald Chumbley, Appellees.**

Court of Appeals of Kentucky.

Sept. 30, 1977.

Jack B. Miller, W. Elijah Coffey, Jamestown, for appellants.

Arthur L. Brooks, Jr., Brooks & Sullivan, Lexington, Robert L. Bertram, Jamestown, for appellees.

Before HAYES, HOGGE and LESTER, JJ.

This appeal arises out of a judgment of the Russell Circuit Court which held that appellants, the Russell County Board of Education and its members, had exceeded their authority in reducing the salary of appellee, Melvin Garner, without the recommendation of the superintendent. As a result of this action, the court awarded Garner $2,148.00 and declared that Garner was not to be reduced in salary for the 1976–1977 school year. Appellants contend that their actions were proper and legal. This court, however, disagrees and affirms the judgment of the trial court.

On May 13, 1976, Garner was notified that his responsibilities as Math and Science Coordinator had been abolished and accordingly he would be reduced in salary. Although the board states that Garner was not officially hired in such a capacity, he performed tasks in addition to his teaching at an increased rate of compensation for two years prior to this notice. The action of the board was done without the recommendation of the superintendent, Ronald Chumbley. Garner, therefore, filed suit seeking a declaration of rights.

Appellants, thereafter, counterclaimed for the additional salary received by Garner while he served as Math and Science Coordinator. In addition, appellants filed a third party action against appellee, Chumbley, for his actions in hiring Garner as a coordinator.

After proof was taken, the trial court entered its findings of fact and conclusions of law. Among those conclusions were the following which are summarized by this court:

(1) The board could properly eliminate the position of Math and Science Coordinator, KRS 160.290.

(2) The board was estopped to deny that Garner had been hired as the Math and Science Coordinator.

(3) The board lacked authority to reduce Garner's salary in the absence of a recom-

mendation of the superintendent, KRS 161.760(2).

It is these last two conclusions which are the basis for this appeal.

In examining the findings of the trial court, this court must follow the guidelines of CR 52.01. That rule requires that ". . . Findings of fact shall not be set aside unless clearly erroneous . . . ." In view of the fact that appellants approved Garner's contract of eleven (11) months rather than the normal nine and one-fourth (9¼) months and approved his increased salary, it was entirely proper for the trial court to find that the board was aware or should have been aware of Garner's position. In addition, it was not erroneous for the trial court to find that appellants had reduced Garner's salary without Chumbley's recommendation since such was clearly evident from the record.

KRS 161.760(2) provides the following: "Upon recommendation of the superintendent and approval of the board of education, reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary . . . ." In the present case, it was not denied that the board failed to follow this requirement. The trial court, therefore, correctly concluded that the action of the board was "arbitrary, capricious and void".

Judgment affirmed.

All concur.