Edwin COOK, Appellant,

v.

BOARD OF EDUCATION OF CARTER COUNTY, Kentucky, and Harold L. Holbrook, Superintendent of the Carter County Schools, Appellees.

Court of Appeals of Kentucky.

Jan. 5, 1979.

Arthur L. Brooks, Lexington, for appellant.

Henry R. Wilhoit, Jr., Wilhoit & Wilhoit, Grayson, for appellees.

Before HAYES, HOWARD and PARK, JJ.

HAYES, Judge.

■ This is an appeal from a judgment of the Carter Circuit Court holding that appellant had not suffered a "reduction in salary" under KRS 161.760(2) and was thus not entitled to the notice scheme provided by that section. Appellant's claim was dismissed with prejudice and he appeals, asserting that KRS 161.760(2) is applicable to the case.

The trial court found that appellant was employed as "head teacher" of Lawton Elementary School during the 1974–1975 school year. The position of head teacher required that appellant assume responsibilities in addition to those of a classroom teacher. Appellant received extra compensation for his duties as head teacher. The court also found that during this period appellant's only certification was as a teacher; he did not possess the necessary qualifications to be a principal.

A letter, dated May 9, 1975, and signed by appellee Holbrook in his capacity as school superintendent, was sent to appellant notifying him that he would not be reemployed as Lawton's head teacher for the 1975–1976 school year. In July of 1975, appellant was reassigned to Star Elementary School as a classroom teacher. The extra compensation appellant had received as a head teacher was eliminated.

On January 1, 1976, appellant filed a complaint in the Carter Circuit Court alleging that his transfer to Star was invalid because his notification thereof did not conform to KRS 161.760(2). Appellant sought reappointment as a head teacher, recovery of extra compensation lost by the reassignment, and traveling expenses to Star. KRS 161.760(2) states:

Upon recommendation of the superintendent and approval of the board of education reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary; Provided That written notification setting forth the specific reason or reasons for such reduction shall be furnished the teacher not later than May 15.

The threshold question in this case is whether a loss of additional compensation due to reassignment constitutes a "reduction in salary". If it does, the requirements óf the above statute must be satisfied.

Appellant's basic contention on this issue is that the term "salary" means *total* pay and not base salary. Appellees, on the other hand, argue that the term means base salary. Therefore, say appellees, since appellant is certified only as a classroom teacher, and since he is still receiving the salary of a classroom teacher, there is no "reduction in salary".[1]

There appears to be no Kentucky case specifically addressing this issue. However, *Bd. of Educ. v. Lawrence*, Ky., 375 S.W.2d 830 (1963), cited by appellant, lends credence to the proposition that "salary" means total pay. Although *Lawrence* was decided prior to the enactment of the current KRS 161.760(2), the court rejected an argument that the phrase "single salary" under the Minimum Foundation Law meant *base* salary. *Id.* at 831. On point with the instant case, the Court noted: "[T]he law recognizes that teachers given extra responsibilities or duties, such as those of principal, may be allowed extra compensation therefor." *Id.*

Appellees rely heavily on *Snapp v. Deskins*, Ky., 450 S.W.2d 246 (1970), for the proposition that appellant's transfer was not a salary reduction. An examination of the *Snapp* decision, however, discloses that the case does not support so broad an application. In *Snapp*, several plaintiffs were transferred after a new school superintendent took office. One such transfer involved almost the same situation as the case at bar in that the head teacher of an elementary school was transferred to the position of classroom teacher at a different elementary school. In *Snapp, supra,* at 248, the Court

---

1. The record indicates Cook actually received more money after he was transferred to Star Elementary. However attorney for appellee school board stated at oral argument that he was not relying on this fact, for Cook would have received even more at Star Elementary had there been the same responsibilities he had at Lawton.

stated: "None of the transferred appellants was given any reduction of salary by reason of the transfer." Appellees urge that this phrase means that there is never a salary reduction by virtue of such a transfer. However, a close examination of the case reveals that no actual loss of compensation was alleged. Thus the quoted phrase may mean that the plaintiffs were transferred at the exact same pay rate they received prior to the transfer. If so, it seems that *Snapp, supra,* supports appellant's contention that loss in total pay due to a transfer would fall under KRS 161.760(2). In any event, it seems clear that *Snapp* merely stands for the idea that a transfer is not in and of itself a reduction in salary.

Appellees appear to argue that the "reduction of responsibilities" of KRS 161.-760(2) means "reduction of those responsibilities for which the teacher is certified." In support of this contention, appellees cite to the language of *Bd. of Educ. v. Lawrence, supra,* at 831:

KRS 161.760 [amended in 1964] says in effect that if a teacher having continued service status has been entrusted with a position of extra responsibility which carries extra compensation above the base salary, she shall be deemed to possess such experience, training and other qualifications as to command the higher pay, and is entitled to continue to receive the higher compensation by reason of such qualifications without regard to whether she continues to be assigned extra duties.

This language, argue appellees, means that unless one is *certified* for the additional responsibilities there can be no "reduction in salary" when the duties and compensation therefor are eliminated. However, appellant has also cited the *Lawrence* decision, *supra,* and it appears that the case is more supportive of his position. In the first place, appellant was not paid to be a principal, but to discharge the additional duties of head teacher. Apparently, no certification other than that of classroom teacher is necessary for such a position. The *Lawrence* case, *supra,* means that the appellant is deemed to be qualified as head teacher inasmuch as he was employed in that position.

Further, although appellees are correct in asserting that most of the cases on the issue involve teachers who were certified as principals, it should be noted that in those cases the plaintiffs were hired as principals and not as head teachers.

A question may arise as to whether continuing service status as a teacher entitles one to statutory protection of a position involving duties beyond that of a classroom teacher. It appears, however, that such protection is clearly contemplated by the language of KRS 161.760(2). For example, KRS 161.760(1) speaks in terms of a reduction of "extra service, administrative and/or supervisory duties and responsibilities." Further, *Bd. of Educ. v. Garner,* Ky.App., 556 S.W.2d 453 (1977), involved a teacher who had incurred a reduction in salary when his position as math and science coordinator was abolished. Although Garner had held the coordinator position for only two (2) years, this Court affirmed the trial court's decision that the board failed to comply with KRS 161.760(2). *See also, Bd. of Educ. v. Stephens,* Ky., 449 S.W.2d 421 (1970).

■ Finding that appellant did suffer a "reduction in salary" is dispositive of this appeal. First, the board minutes herein do not reflect that the appellant's reduction in salary was upon recommendation of the superintendent as required by KRS 161.760(2). Since the board may speak only through its minutes, *e. g. Commonwealth v. Ford,* Ky., 444 S.W.2d 908 (1969), the reduction is void. *Bd. of Educ. v. Garner, supra.*

It should be noted that the board action on appellant's transfer is dated June 27, 1975. There is nothing in the record showing board action on removal of appellant from the head teacher position prior to that date although appellant received notification of removal by letter dated May 9, 1975. Appellant received a second letter, dated July 1, 1975, informing him of the June 27th action.

■ The notification letters sent to appellant present an alternative ground for holding his reduction in salary invalid.

KRS 161.760(2) requires that the teacher be given specific reasons for his or her salary reduction "not later than May 15." Because of the time limitation in the statute, only the May 9th letter need be discussed.

This letter fails to conform to the statute in two respects. First, the letter failed to set out a reason for appellant's removal as head teacher. Secondly, appellant was not notified that his removal would also result in a loss of the additional compensation. *Bd. of Educ. v. Stephens, supra.* Thus the notice was ineffective.

Appellees assert, and the trial court found, that the reason for appellant's transfer and salary reduction was that a certified principal had been located for Lawton. The trial court also found that the administrative regulations of the State Board of Education required the appellee board to place a certified principal at Lawton in 1974–1975. While this may have been a compelling reason for appellant's transfer, it does not excuse noncompliance with the statute. All that is required by KRS 161.-760(2) is that the superintendent recommend a reduction in pay and that appellant be notified of that fact, and the reasons therefor, prior to May 15th. Appellees could have complied with both the statute and the regulation by giving proper notice in 1975. *See, Snapp v. Deskins, supra.*

The judgment of the trial court is reversed with directions that judgment be entered for appellant for that sum of money lost as a result of the reduction in his pay.

All concur.