Carter B. BRADSHAW, Appellant,

v.

BOARD OF EDUCATION OF TAYLOR COUNTY, Kentucky, and Walt Green, Individually and as Superintendent of the Taylor County Schools, Appellees.

Court of Appeals of Kentucky.

Dec. 7, 1979.

Original Opinion Withdrawn and Reissued June 27, 1980.

Discretionary Review Denied Nov. 18, 1980.

Arthur L. Brooks, Lexington, for appellant.

Craig Cox, Fred Faulkner, Jr., Faulkner & Bertram, Campbellsville, for appellees.

HAYES, Chief Judge.

This appeal is from a judgment of the Taylor Circuit Court finding that the appellant, Carter B. Bradshaw, was not an "administrator" within the meaning of KRS 161.720(8) and that the local board of education had substantially complied with KRS 161.760(2) in notifying him of the reason for his reduction in salary.

By the end of the 1977–78 school year Mr. Bradshaw had been employed as a teacher at the Taylor County High School for four consecutive years. During that time he had also served as head football coach for which he received $3,200.00 annually in addition to the salary that he received as a classroom teacher. On February 14, 1978, the school superintendent wrote Mr. Bradshaw advising him that the local board of education would no longer employ him as football coach after the end of the current school year. The reason given for this action was "for the best interest of the Taylor County School System." On April 24, 1978, a second letter from the superintendent was sent to Mr. Bradshaw notifying him that his salary would be reduced and stating "[t]he reason for this reduction is dismissal as head football coach."

Mr. Bradshaw brought this action contending that his dismissal as head football coach was improper because the board had failed to comply with the procedures outlined in KRS 161.765 for the demotion of an administrator and that even if he were not an administrator as defined by the statute, there had been no compliance with the notification requirement of KRS 161.760(2) concerning the reduction of a teacher's salary.

The appellant's claim to being an administrator is based on the wording of KRS 161.720(8) which, in part, defines an administrator as one "who holds a position in which he evaluates or supervises board employes," and on the fact that during the time he was coach, the appellant had assistant coaches who were under his supervision. Taken alone the statutory wording would seem to support this claim. However, when we read this section in its entirety, we are led to the conclusion that the trial court correctly determined that the appellant was not an administrator.

KRS 161.720(8) provides:

The term "administrator" for the purpose of KRS 161.765 shall mean a certified employe, below the rank of superintendent, who devotes the majority of his employed time to service as a principal, assistant principal, supervisor, coordinator, director, assistant director, administrative assistant, finance officer, pupil personnel worker, guidance counselor, or school business administrator, or who holds a position in which he evaluates or supervises board employes or recommends personnel for employment or discharge. The term "administrator" shall also include those assistant, associate or deputy superintendents who do not fall within the definition of "superintendent" as set forth in [KRS 161.720](7).

In seeking to determine the legislative intent expressed in this section, we note at the outset that various public school positions which are primarily executive or administrative in nature are specifically named as falling within the definition of administrator. Yet one who holds one of these positions is an administrator only if he devotes a majority of his employed time to service in one of those positions. The position of coach is neither primarily administrative in nature nor is it specifically named in the statute. Clearly there is no expressed intent that coaches per se be accorded the status of administrator. It seems equally clear that the statutory language relied upon by the appellant is intended to apply to one who holds a position not listed in the statute but, because the majority of his time is consumed in the evaluation and supervision of board employees, whose position becomes primarily administrative or executive in nature. No other interpretation makes sense when this section is considered as a whole. Surely the legislative intent was not to classify as an administrator one who, incidental to his primary duties which are not administrative in nature, occasionally evaluates or supervises other board employees, as did Coach Bradshaw.

The appellant next argues that the local board of education failed to comply with KRS 161.760(2) in notifying him of the reason for his reduction in salary. KRS 161.760(2) provides:

Upon recommendation of the superintendent and approval of the Board of education reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary; Provided that written notification setting forth the specific reason or reasons for such reduction shall be furnished to the teacher not later than May 15.

Bradshaw received a letter April 24, 1978 which notified him that his salary would be reduced because of his dismissal as head football coach. The notice required in KRS 161.760(2) is merely that of notifying the teacher of the reasons for his reduction in salary which notice Bradshaw received. This was the result which this court reached in *Cook v. Board of Education of Carter County,* Ky.App., 576 S.W.2d 270 (1979) when we held at 273:

All that is required by KRS 161.760(2) is that the superintendent recommend a reduction in pay and that appellant be noti-

fied of that fact, and the reasons therefore, prior to May 15th.

To the extent that *Cook* may be interpreted to read that KRS 161.760(2) requires a specific reason for the reduction in a teacher's responsibility, it is overruled. *See Brooks v. Clark County*, 297 Ky. 549, 180 S.W.2d 300 (1944).

The judgment of the trial court is affirmed.

All concur.