James B. BURKHART and Betty L. Burkhart, Appellants,

v.

BOARD OF EDUCATION OF HARLAN COUNTY, Ky., Tony Cox, Johnny Blanton, Donald Hensley, and Harold Patterson, individually and as members of the Board of Education of Harlan County, Kentucky, and Needham Saylor, Individually and as Superintendent of the Harlan County Schools, Appellees.

Court of Appeals of Kentucky.

March 25, 1983.

Jennifer B. Coffman, Law Office of Arthur L. Brooks, Lexington, for appellants.

Johnnie Turner, Karl Forester, Harlan, for appellees.

Before COOPER, HOWERTON and LESTER, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court upholding, in part, the appellants' transfer and salary reduction while employed with the appellee-Board of Education. On appeal, the principle issue is whether the trial court erred, as a matter of law, in ruling that the appellants' transfer during the summer of 1981 was valid under the provisions of KRS 161.760. Reviewing the record below, we reverse and remand.

The facts relative to this action are as follows: The appellants, James B. Burkhart and Betty L. Burkhart, his wife, are employed by the appellee, Board of Education of Harlan County, Kentucky, as certified teachers. During the 1979–80 school year, James G. Burkhart was employed as a classroom teacher of science courses at Cawood High School; Betty Burkhart was employed as a classroom teacher of business courses at the same school, as well as chairman of the business department and supervisor of the student co-op program. Both appellants have held their respective positions for a number of years prior to the 1979–80 school year. Additionally, several summers prior to 1979, Betty Burkhart had been employed by the appellee as county vocational chairman for which she received ten (10) additional days of extended employment compensation.

In the fall of 1978, the composition of the Board of Education of Harlan County changed. Mildred Rowland subsequently resigned as Superintendent in the spring of 1979, and Needham Saylor was appointed to succeed her. In May of 1979, Assistant Superintendent Reecie Stagnolia, acting on behalf of the new superintendent and the Board verbally advised Betty Burkhart that she would be removed from her position as county vocational chairman. The basis for such change was stated to be administrative. Nevertheless, she received no written

notice that her salary would be reduced prior to May 15, 1979. KRS 161.760(2).

On August 13, 1980, upon the recommendation of the superintendent, the newly elected Board reassigned and transferred the appellants from Cawood High School to Evarts High and Middle Schools for the 1980–81 school year. Such transfer necessitated the removal of Betty Burkhart from her position as supervisor of the co-op program at Cawood, as well as her removal as chairman of its business department. The Board stated the basis for both transfers was valid administrative reasons. Appellant Betty Burkhart did not receive a corresponding reduction in salary during the 1980–81 school year as the result of her removal from her previous administrative positions in that she had received no written notice of such reduction by May 15th.

In fall of 1980, appellant James Burkhart sought election to the Board of Education of Harlan County. He attempted to resign from the school system as a teacher in order to be eligible for the forthcoming election. The appellee Board refused to accept his resignation, citing valid administrative reasons, including a shortage of math and science teachers within the system. Nevertheless James Burkhart ran for election to the school board, losing by popular vote. He did not teach within the school system from November of 1980 until the end of the 1980–81 school year. In a subsequent election contest appealed to the Court of Appeals, that Court held that both appellant Burkhart and his opponent were ineligible to sit on the Board of Education.

On March 28, 1981, James Burkhart advised the appellees that he intended to return to his teaching duties in the Harlan County school system as of March 30. The appellees advised him that there was no teaching position available for him. In July of 1981, subsequent to an action being filed by the appellants against the appellees for their transfer during the 1980–81 school year, the circuit court held that the transfer was invalid as it was not recommended by the superintendent and approved by the Board prior to July 15, 1980. KRS 161.-

760(1). As such, it ordered the appellants to be reinstated to Cawood High School as if the attempted transfer had never occurred. Furthermore, it ordered the appellees to pay the appellants salaries due them for the 1980–81 school year.

At a meeting of the Board held on July 8, 1981, the superintendent recommended that the appellants be placed at Evarts High and Middle Schools for the 1981–82 school year. Such recommendation was not approved by the Board as its members were deadlocked 2–2. As a result, the Board voted to send the matter to the State Superintendent for Public Instruction. At a second meeting held on July 10, the superintendent again recommended that the appellants be placed at Evarts High and Middle Schools for the forthcoming school year. Again, the Board deadlocked 2–2 on the recommendation. And again, the Board unanimously approved a motion to send the recommendation to the State Superintendent for Public Instruction for approval. The latter, by a letter dated July 14, advised the appellee-Board he would not resolve the dispute. By separate letters dated July 14 and July 15, the superintendent notified the appellants they would be transferred to Evarts High and Middle Schools for the 1981–82 school year, pending state approval. At a meeting of the Board held on July 17, the superintendent again recommended that the appellants be transferred to Evarts High and Middle Schools. Again, the Board deadlocked 2–2. And, for a third time, the Board voted unanimously to send the recommendation to the State Board of Education for its approval. By letter dated July 22, counsel for the Kentucky Department of Education advised the Board that the State Board of Education would not resolve the dispute involving the appellants' attempted transfer.

In September of 1981, the circuit court heard testimony with respect to the attempted transfer of the appellants, as well as allegations that the appellees' actions were politically motivated and arbitrary in nature. The circuit court, using an advisory jury, subsequently ruled that the appellees' actions against the appellants were not arbitrary or politically motivated. With respect to the appellants' attempted transfer for the 1981–82 school year, the circuit court found that a de facto transfer had been accomplished by July 15, 1982, therefore suspending the operation of KRS 161.-760(1). In effect, it held that although the Board had deadlocked on the recommendation of the superintendent, the transfer had, in fact, occurred. Additionally, it held that appellant Betty Burkhart had received an unauthorized salary reduction for the 1979–80 school year, but credited the appellees with her extended employment. And, it refused any award of punitive damages against the appellees, or any award of attorneys' fees. It is from such findings of fact, conclusions of law and judgment that the appellants now appeal.

■ Principally, the appellants argue that the circuit court erred, as a matter of law, in ruling that the transfer proposed for the 1981–82 school year was valid notwithstanding the Board's failure to approve the superintendent's recommendation by July 15, 1981. Reviewing the record below, we agree. KRS 161.760(1) prohibits the transfer of a teacher after July 15, except for specific, statutory exceptions. The provisions of the statute are to be strictly construed. *See Cook v. Board of Education of Carter County,* Ky.App., 576 S.W.2d 270 (1979); *Settle v. Camic,* Ky.App., 552 S.W.2d 693 (1977).

■ Here, there is no contention by the appellees that the appellants' transfers fell within the enumerated exceptions set forth in the statute. KRS 160.380 requires that the transfer of any teacher "shall be made only upon the recommendation of the superintendent of schools, subject to the approval of the board." Here, there was no approval by the Board of the superintendent's recommendation by July 15. Although the superintendent's recommendation was acknowledged by the Board by July 8, the Board failed to approve it, deadlocking 2–2. Such deadlocking does not constitute approval under the terms of the statute. In effect, the Board failed to act on the recommendation. Consequently, the circuit court's finding that a de facto transfer occurred is without authority and consequently in er-

ror. Under the language of the statute, the Board is under an obligation to act on the superintendent's recommendation, either affirmatively or negatively. Failure to so act, whether by postponement or by a deadlocked vote, renders any attempted transfer invalid. As such, the circuit court is directed on remand to order the appellee-Board to reinstate the appellants at Cawood High School.

Furthermore, we find that the circuit court erred in offsetting the amount of damages it awarded Betty Burkhart with respect to the attempted reduction of her salary in May of 1979. The circuit court correctly determined that her salary was wrongly reduced at that time in that she received no written notice of it prior to May 15, 1979. KRS 161.760(2). Nevertheless, it allowed the appellees a "credit" for any extended employment pay which Betty Burkhart received in connection with her staff exchange duties in 1979–80 and subsequent years, offsetting the pay she received as county vocational chairman. The circuit court's reduction was improper in that the extended employment by which Betty Burkhart received subsequent to her removal as county vocational chairman was pay she had received while holding the position of county vocational chairman. In that she did not receive such extended employment pay in the summer subsequent to May of 1979, she was denied ten additional days of extended employment. Consequently, the circuit court is directed to increase the award to reflect ten additional days of extended employment for the school year 1979–80 and the years thereafter.

Although the appellants argue that the circuit court erred in determining there was no evidence of arbitrariness or political discrimination against them in the appellees' actions, we cannot say that its findings in this respect were clearly erroneous. Stated differently, there is ample evidence in the record to indicate that there were valid administrative reasons for the attempted transfers. As such, the circuit court did not err in refusing to award punitive damages against the individual board members, and in refusing to award the appellants reasonable attorneys' fees.

The judgment of the circuit court is affirmed in all respects except as to the attempted transfer of the appellants in the summer of 1981, and the offsetting of the damage awarded to Betty Burkhart with respect to the improper reduction of her salary in May of 1979. We direct the circuit court to correct the judgment to reflect such changes.

All concur.