**Billy K. BANKS, Appellant,**

v.

**BOARD OF EDUCATION OF LETCHER COUNTY, Kentucky; and Jack M. Burkich, Individually and as Superintendent of the Letcher County Schools, Appellees.**

Court of Appeals of Kentucky.

April 15, 1983.

Arthur L. Brooks, Lexington, for appellant.

Forrest E. Cook, Whitesburg, for appellees.

Before COOPER, HOWERTON and LESTER, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court upholding a demotion by the appellees, the Superintendent and Board of Education of Letcher County, Kentucky, of the appellant from an administrative position as Director of Pupil Personnel to a lower paying position within the Letcher County school system. On appeal, the issues are whether the trial court erred in: (1) determining that the appellant was given the statutory notice of his demotion prior to May 15, 1981, KRS 161.760(2); (2) determining that the grounds for such demotion were specific and complete as required by KRS 161.765(2)(b)(1); and (3) determining that the appellant's demotion and transfer were not the results of arbitrary action on the part of the appellees. Reviewing the record below, we reverse and remand.

In June of 1981, the appellant, Billy K. Banks, filed this action pursuant to KRS 161.765(2)(f) and KRS 161.790(6). Specifically, he alleged that the appellees acted arbitrarily and contrary to the provisions of KRS 161.760(2) and KRS 161.765(2)(b)(1) in demoting him from an administrative position as Director of Pupil Personnel for the Letcher County Schools to a lower paying position in that school system. At the end of the 1980–81 school year, the appellant had been Director of Pupil Personnel for five (5) consecutive years, and as such was an administrator within the meaning of KRS 161.720(8) and KRS 161.765(2). Furthermore, he was a tenured teacher within the meaning of the Teachers' Tenure Act. KRS 161.720–810. The appellees answered, denying the appellant's allegations.

In November of 1981, the circuit court, sitting without a jury, heard proof presented by all parties in addition to that presented to the Board. Thereafter, it issued findings of fact, conclusions of law, and a judgment, ruling that the appellant failed to prove that the appellees did not comply with the Fair Demotion of Administrators Act, and failed to sustain his burden of proof with respect to showing that the Board was not justified in its actions of demoting him. As such, it dismissed his complaint. It is from such judgment that the appellant now appeals.

Although the appellant raises three arguments in his appeal, the principal issue is whether the circuit court erred in ruling that the appellees complied with KRS 161.-760(2). Specifically, the question is whether the appellant received notice of his demotion prior to May 15, 1981. Reviewing the record below, we find that such notice was lacking, and the circuit court therefore erred in ruling that the appellees complied with the statute.

The relevant facts concerning the appellant's demotion—as found by the circuit court—are as follows:

(1) During the 1980–81 school year, the appellant had been Director of Pupil Personnel for the Letcher County School Board for five (5) consecutive years. He was employed as an administrator and paid on the basis of twelve months employment.

(2) On April 24, 1981, the Board, acting through its chairman and secretary, informed the appellant that pursuant to KRS 161.765, the superintendent had recommended that he would be reassigned to classroom duty for the 1981–82 school year. Such letter indicated that although the Board noted the recommendation of the superintendent, they had taken no action on it at that time.

(3) Within ten (10) days of the receipt of the letter of April 24, 1981, the appellant responded in writing to the Board, advising it of his intention to contest the rec-

ommendation of the superintendent with respect to his demotion for the 1981–82 school year.

(4) By letter dated May 11, 1981, the appellant was advised by the Superintendent and the Chairman of the Letcher County Board of Education of the basis and grounds for his demotion. Specifically, that letter stated that there would not be available funding in the 1981–82 year for an additional Director of Pupil Personnel, barring the availability of state funds. Additionally, such letter notified the appellant that a formal hearing on his proposed demotion would be held on June 2, 1981.

(5) On June 2, the appellant, together with his counsel, appeared before the Board for a hearing on the proposed demotion. Subsequent to the presentation of proof by both the appellant and counsel for the Board, the Board went into closed session voting to demote the appellant from Director of Pupil Personnel to a classroom teacher for the 1981–82 school year and to reduce his salary accordingly.

(6) On June 12, 1981, the appellant appealed from the Board's action by filing this action in the Letcher Circuit Court pursuant to KRS 161.790(6).

(7) In August of 1981, the appellant was placed as the Principal of the Kingdom Come Elementary School for the 1981–82 school year. In this position, he received approximately $1,500 less than he would have received as Director of Pupil Personnel.

(8) In November of 1981, the circuit court, sitting without a jury, heard proof with respect to the appellant's allegations. Much of such proof centered around appellant's allegations that the Board's action was politically motivated and that the appellant had openly opposed one of the members of the Board in his bid for re-election in the fall of 1980.

Here, the appellant argues that as the Board had failed to complete action on his demotion prior to May 15, and as he was not given written notice of such demotion

prior to that time, any attempted reduction in pay was void and of no effect. KRS 161.760(2), then in effect, stated as follows:

(2) Upon recommendation of the superintendent and approval of the board of education reduction of responsibility for a teacher may be accompanied by a corresponding reduction in salary; provided that written notification setting forth the specific reason or reasons for such reduction shall be furnished the teacher not later than May 15.

The appellant argues that although the superintendent made his recommendation before May 15, the Board did not act on that recommendation until June 2. Furthermore, he argues that the only written notice relative to a possible change in his employment was the letters of April 24, May 11, and May 14, and that such letters failed to comply with the notice requirements of KRS 161.760(2).

The appellant relies on the decision of the Court in *Miller v. Board of Ed. of Hardin Cty.*, Ky.App., 610 S.W.2d 935 (1981), for the proposition that both the superintendent *and* the board must affirmatively act on a proposed demotion prior to May 15 for such demotion to be effective. In *Miller*, the appellant was not sent notice of her proposed demotion until May 18, three days after the statutory deadline. Additionally, the notice sent to her was only of the superintendent's recommendation; it did not state that the board had acted on that recommendation. In ruling that such notice was statutorily deficient, the Court stated, in part, as follows:

We are aware that our statutory interpretation will often necessitate prompt action on the part of a superintendent in recommending the demotion of administrators with three years' service and equally prompt action on the part of a board of education in acting on that recommendation in order that the notice of salary reduction and reassignment deadlines can be met, particularly where the administrator is likely to request a hearing. But this necessary promptness would appear to be an intended result so

that the more experienced administrator will know where he or she stands at least as soon as his or her less-experienced colleague. At. p. 939.

The appellees argue, and the circuit court ruled, that the notice requirements of KRS 161.760(2) had been complied with given the language of the Court in *Bradshaw v. Board of Education of Taylor County,* Ky. App., 607 S.W.2d 427 (1980). There, the Court, quoting from *Cook v. Board of Education of Carter County,* Ky.App., 576 S.W.2d 270 (1979), held as follows:

All that is required by KRS 161.760(2) is that the superintendent recommend a reduction in pay and that appellant be notified of that fact, and the reasons therefore, prior to May 15th.

Id. 607 S.W.2d at p. 428.

Notwithstanding the apparent assertion by the *Bradshaw* Court that all that is required by the statute is for the superintendent to recommend a reduction in pay and that the teacher be notified of such reduction by May 15, the facts therein support a different reading of that statute. In *Bradshaw,* the superintendent wrote to the appellant on February 14, advising him that "the local Board of Education would no longer employ him as football coach after the end of the current school year." Additionally, on April 24, before the May 15th deadline, the superintendent sent Bradshaw a second letter notifying him that his salary would be reduced and that the "reason for this reduction is dismissal as head football coach." Implicit in both letters is the fact that the Board had approved the recommendation of the superintendent and not merely noted it.

The issue confronting the *Bradshaw* Court was whether the *reasons* given for the appellant's pay reduction were sufficient to satisfy the requirements of KRS 161.760(2). Furthermore, in *Cook, supra,* the appellant received a letter dated May 9, signed by the superintendent, categorically notifying him that he would not be re-employed as head teacher of Lawton Elementary School for the forthcoming school year. Again, implicit in such letter is action by the Board on the superintendent's recommendation.

Here, the failure of the Board to act on the superintendent's recommendation by May 15—that action coming only at the meeting of June 2—violated the specific language of KRS 161.760(2). Under both the language of the statute and the decision of the Court in *Miller, supra,* a school board must *affirmatively* act on a superintendent's recommendation and notify the teacher involved of such action by May 15 for it to be effective. Consequently, the judgment of the circuit court must be reversed.

Given our ruling that the notice requirements set forth in KRS 161.760(2) were not complied with, we decline to address the remaining issues raised by the appellant. Specifically, we decline to address the question of whether the grounds for the appellant's demotion were as specific and complete as required by KRS 161.765(2)(b)(1). And, we decline to address the issue of whether the appellant's proposed demotion and transfer was the result of purely arbitrary action by the Board.

The judgment of the circuit court is reversed and remanded with directions that it order the Board to reinstate the appellant as Director of Pupil Personnel for the 1981–82 school year, or to a comparable administrative position without loss of pay. In the alternative, the circuit court is ordered to direct the appellees to pay the appellant the difference of salary he received as Principal of Kingdom Come Elementary School and the salary he would have received in his position as Director of Pupil Personnel.

All concur.