BOARD OF EDUCATION OF HAR-RODSBURG, Kentucky, and Clinton D. Kirk, in his Official Capacity as Superintendent of the Harrodsburg Schools, Appellants/Cross–Appellees,

v.

Marilyn K. POWELL, Appellee/Cross–Appellant.

Nos. 89–CA–1278–MR (Direct Appeal), and 89–CA–1289–MR (Cross–Appeal).

Court of Appeals of Kentucky.

June 15, 1990.

James W. Barnett, Sheehan, Barnett & Hays, PSC, Danville, Robert L. Chenoweth, Bryan, Fogle & Chenoweth, Frankfort, for appellants/cross-appellees.

Arthur L. Brooks, Ron L. Walker, Lexington, for appellee/cross-appellant.

Before HOWERTON, C.J., and MILLER and STUMBO, JJ.

HOWERTON, Chief Judge.

The Board of Education of Harrodsburg and Clinton D. Kirk, as Superintendent, appeal from an order of the Mercer Circuit Court holding that Marilyn K. Powell is entitled to a continuing service contract and full-time employment in the system. Powell cross-appeals on the trial court's failure to award her full-time pay for 1987–88 and 1988–89. The Board argues that the court erred in granting Powell tenure and that the pleadings did not sustain the awarding of extra years of experience credit for salary computation purposes. Powell argues she is entitled by law to the salary

and retirement benefits of a full-time teacher for the school years 1987–88 and 1988–89. We affirm the trial court's award of the continuing service contract and the extra years of experience credit, but we reverse the decision to deny the salary and retirement benefits.

Mrs. Powell began the 1982–83 school year as a substitute teacher in the Harrodsburg School System. On September 22, 1982, she became a regular classroom teacher with half-time responsibility for the rest of the school year. She was not sent written notice of the Board's action to not renew her contract for 1983–84. In October 1983, Powell was again hired as a half-time classroom teacher for the balance of the school year. In April 1984, the Board voted not to renew her contract and she was given timely notice. In August 1984, she was employed as a full-time regular classroom teacher for the balance of the school year. In April 1985, Powell was hired as a regular classroom teacher on a half-time basis for the 1985–86 school year; however, in August 1985, her assignment was changed to full-time for the balance of the school year. In April 1986, Powell was hired for the 1986–87 school year on a half-time basis, but in August, she was assigned full-time teaching duties for the balance of the 1986–87 school year.

In April 1987, Powell was hired by the Board as a classroom teacher for 1987–88 on a half-time basis. She did not receive any notice of the non-renewal or notice of the reduction to half-time teaching responsibilities for the 1987–88 school year. She taught on a half-time basis until February 22, 1988, at which time her responsibilities became full-time for the balance of the school year.

On April 19, 1988, Powell was hired by the Board on a half-time basis for the 1988–89 school year. She began the 1988–89 school year teaching half-time, but on October 17, 1988, she became a full-time teacher and continues in that capacity.

Powell's employment with the Harrodsburg School System is summarized as follows:

| Year | Time | Notes |
|------|------|-------|
| 1982–83 | ½ time for 155 days | substituted until Sept. 22 |
| 1983–84 | ½ time for 145 days | substituted until Oct. 18 |
| 1984–85 | ½ time for 4 days; full-time for 181 days. | |
| 1985–86 | ½ time for 7 days; full-time for 178 days. | |
| 1986–87 | ½ time for 5 days; full-time for 180 days. | |
| 1987–88 | ½ time for 122 days; full-time for 63 days. | |
| 1988–89 | ½ time for 41 days; full-time from 10/17/88 for the balance of the year. | |

The trial court ruled that Powell "is entitled to a continuing service contract (tenure) in the Harrodsburg Schools. She is entitled to full-time employment in that system." The court continued she "is not entitled to receive full-time pay for the 1987–88 and 1988–89 school years as by her agreement she accepted the part-time employment and the part-time benefits."

The court ruled that Powell's claim for two extra years service for salary computation purposes was meritorious and that she should be paid pursuant to 702 KAR 3:070. Because she had five years of previous experience and had taught not less than half-time since 1982, the court stated, "She is now entitled to be paid on the basis of eleven (11) years of teaching experience."

■ The Board first argues that Powell's employment record did not meet the statutory requirements for tenure. KRS 161.720(2) states, "The term 'year' as applied to terms of service means actual service of not less than seven (7) school months within a school year...." KRS 158.060 provides "Twenty (20) school days, or days in which teachers are actually employed in the schoolroom, shall constitute a school month in the common schools." Powell taught full-time for 181 days in 1984–85, full-time for 178 days in 1985–86, and full-time for 180 days in 1986–87. She taught full-time for 63 days and one-half-time for 122 days in 1987–88.

KRS 161.740(1) provides:

Teachers eligible for continuing service status in any school district shall be those teachers who meet qualifications listed in this section:

.    .    .    .    .

(b) When a currently employed teacher is recommended for re-employment after teaching four (4) consecutive years ... the year of present employment included, the superintendent shall recommend said teacher for a continuing contract, and, if the teacher is employed by the board of education, a written continuing contract shall be issued.

It is clear that Powell's service time for the school years 1984–85 through 1986–87 complies with the requirements for tenure. The Board contends that Powell's employment for the 1987–88 school year does not count toward the tenure requirement, while she contends she was entitled to a full-time teaching contract for the 1987–88 school year and tenure beginning in 1988–89. We agree with Powell.

KRS 161.750 states:

(1) Any teacher employed under a limited contract *shall* at the expiration of such limited contract be *deemed reemployed* under the provisions of KRS 161.-720 to 161.810 *for the succeeding school year* at the *same salary* plus any incre-

ment or decrease as provided by the salary schedule, unless the superintendent of schools has recommended to the board of education that the contract of the teacher not be renewed and unless the board has voted to approve said recommendation. (2) If the board of education approves the superintendent's recommendation, as provided in subsection (1) of this section, the board *must* present *written notice* to the teacher that the contract will not be renewed no later than *April 30* of the school year during which the contract is in effect.... (3) Upon failure of the employing board of education ... *to give written notice* of said nonrenewal as required by subsection (2) of this section ... the teacher *shall* receive a contract of employment for the next school year; and, if the teacher has served the number of years as required by KRS 161.740(1)(b) or (c), said contract of employment *shall* be a *continuing contract.* Such teacher *shall* be presumed *to have accepted* such *employment,* unless he shall notify the board of education in writing to the contrary on or before the fifteenth day of June, and *a written contract* for the succeeding year *shall be executed accordingly.* (Emphasis added.)

KRS 161.760(3) provides:

Upon recommendation of the superintendent and approval of the board of education *reduction of responsibility* for a teacher *may be* accompanied by a *corresponding reduction in salary* provided that *written notification* setting forth the specific reason or reasons for reduction in responsibilities shall be furnished to the teacher not later than *May 15.* (Emphasis added.)

Powell was a full-time teacher in 1986–87. Although in April 1987 the Board voted to reduce her contract half-time, the record does not reflect that she was given either written notification of nonrenewal or of the reduction in responsibilities.[1] When

---

1. We do not believe that it is necessary to reach a conclusion on whether KRS 161.750 or KRS 161.760 is the controlling statute in this case. The record does not establish the fact that the

Board notified Powell of either nonrenewal by April 30, as required by KRS 161.750, or of a reduction in responsibility by May 15, as required by KRS 161.760. We do note that in

the Board fails to give written notice of nonrenewal, then a limited contract teacher is "deemed reemployed under the provisions of KRS 161.720 to 161.810 for the succeeding school year at the same salary plus any increment...." KRS 161.750(1). *See also Phillips v. Board of Education of Muhlenberg County,* Ky.App., 580 S.W.2d 730 (1979). In *Snapp v. Deskins,* Ky., 450 S.W.2d 246, 250 (1970), the court stated "the legislature has chosen to deal specifically with the subjects of salary and position assignments, and we find no room for an expanded construction." The court continued, "If a reduction of responsibility is to be accompanied by a reduction in salary, the teacher must be notified not later than May 15 of the reasons for the reduction. So salary-fixing times are specifically limited." *Id.*

Powell was not given notification as required by statute, and therefore her full-time 1986–87 contract was renewed for the succeeding school year 1987–88. Powell's statutory entitlement to full-time employment for the 1987–88 school year constituted the fourth year and satisfied the actual service requirement under the tenure law. Since Powell received no notification of nonrenewal or reduction of responsibilities in 1988, she is entitled to a continuing service contract under the terms of KRS 161.740 and KRS 161.750.

■ Powell cross-appeals, arguing that she is entitled by law to the full-time salary for 1987–88 and 1988–89. We agree and reverse the trial court. Under KRS 161.-750(3), Powell became entitled to a contract as a full-time teacher for the 1987–88 school year with full-time pay. Under KRS 161.760(1), a teacher's salary should not be lower than the salary paid that teacher for the preceding year, unless there is a reduction in responsibilities or a uniform reduction of teachers for the district. Because Powell signed half-time limited contracts

dated July 1 for both 1987–88 and 1988–89, the Board contends that Powell should not receive back pay because of contract novation and estoppel. We disagree. In *Board of Education of McCreary County v. Stephens,* Ky., 449 S.W.2d 421, 423 (1970), the court stated:

> There is no merit in the argument that [the principal] should be estopped from claiming the full salary because he proceeded to serve as a teacher after being notified of the reduced salary on September 27. ... [T]he *doctrine of estoppel* has no application. ... [O]rdinarily *one may not be estopped to assert the direct violation of a statutory provision which has the effect of a statutory contract.* (Emphasis added.)

*See also Settle v. Camic,* Ky.App., 552 S.W.2d 693, 694 (1977).

■ The law is clear that teachers receive a statutory contract or, in a broad sense, a legislative grant. *See Gullett v. Sparks,* Ky., 444 S.W.2d 901, 903 (1969); *Snapp, supra; Bowlin v. Thomas,* Ky. App., 548 S.W.2d 515, 520 (1977); *Frisby v. Board of Education of Boyle County,* Ky. App., 707 S.W.2d 359, 361 (1986); and *Dause v. Bates,* 369 F.Supp. 139, 149 (W.D. Ky.1973), *rev'd on other grounds,* 502 F.2d 865 (6th Cir.1974). According to *Snapp,* at 250, "salary-fixing times are specifically limited" by statute. Furthermore, we are unpersuaded by the bare assertion and comment by the Board that Section 3 of the Kentucky Constitution bars payment by a state agency in all situations where actual services have not been rendered.

Since Powell had a reduction of responsibilities without proper statutory notification for both the 1987–88 and 1988–89 school years, we hold she was entitled to a full-time contract and full pay and benefits commensurate with her educational rank and teaching experience as determined by the school district's approved salary sched-

H.B. 742, Chapter 338, 1982 *Kentucky Acts,* at 912, the words "or elimination of extra service, administrative and/or supervisory duties and...." were removed from KRS 161.760(1). *See also Frisby v. Bd. of Educ. of Boyle County,* Ky.App., 707 S.W.2d 359, 361 (1986); *Daugherty v. Hunt,* Ky.App., 694 S.W.2d 719 (1985); *Cook*

*v. Bd. of Educ. of Carter County,* Ky.App., 576 S.W.2d 270 (1979); *Bd. of Educ. of Russell County v. Garner,* Ky.App., 556 S.W.2d 453 (1977); *Bowlin v. Thomas,* Ky.App., 548 S.W.2d 515, 520 (1977); and *Snapp v. Deskins,* Ky., 450 S.W.2d 246, 250 (1970).

ule for the school years in question. Omitted contributions to the Kentucky Teachers Retirement System for 1987–88 and 1988–89 shall also be paid by the Board and Powell in their proper proportions as determined by statutory law.

School boards and superintendents need not get caught in situations such as this. All that is necessary is compliance with the Kentucky statutes. Teachers have a right to early notification of any changes in their employment status. When notification is not given, those rights will and must be upheld.

The judgment of the Mercer Circuit Court is affirmed in part and reversed in part and remanded for the award of back pay and retirement system contributions consistent with this opinion.

All concur.