Billy WATKINS, Individually and as Superintendent of the Graves County Board of Education, Bob Spalding, Johnny Shelton, Anthony Goodman, Jeffrey Howard, Charles Ronnie Holmes, Individually and as Members of the Graves County Board of Education; and the Graves County Board of Education, Appellants,

v.

Larry D. OLDHAM, Appellee.

Court of Appeals of Kentucky.

June 12, 1987.

E. Dan Sharp, Jr., Mayfield, for appellants.

John A. Gregory, Jr., Murray, for appellee.

Before HOWARD, LESTER and REYNOLDS, JJ.

HOWARD, Judge.

In this case, the appellants appeal from a judgment of the Graves Circuit Court which required the appellants to make various increments in the appellee's salary and retirement benefit credit due to his military service.

On February 9, 1970, the appellee was employed by the McCracken County Public School System. The appellee was inducted into the United States Army on February 4, 1971. Consequently, the McCracken County School System granted the appellee a two-year leave of absence. On December 9, 1972, the appellee was honorably discharged from the Army.

In January of 1973, the appellee enrolled as a student at Murray State University for further work on his Master's Degree. On February 7, 1973, he requested an additional leave of absence from the McCracken County School System in order to complete his Master's Degree.

The appellee had filed an application for employment with appellant, Graves County Board of Education, on April 19, 1972, while home on leave. The Graves County Board hired the appellee on March 12, 1973.

Under the Kentucky Teacher's Retirement System, benefits are based on the number of years a member is in the system. A member's salary is also calculated on this basis. The records from the retirement system showed that the appellee was given experience credit of 1.05 years from the McCracken County schools. The appellee was given .36 years credit for the portion of the year he taught in Graves County, for a total of 1.41 years at the end of the 1972–1973 school year. The appellee argued that he was not given 1.83 years of credit for his time in military service despite a statutory requirement to do so. The Graves County Board refused the appellee's request to increase the credit and the appellee subsequently brought this action.

The appellants maintain that the appellee's action was barred by the applicable statute of limitations and that he was not entitled to credit for the military service because the military service occurred prior

to his employment in Graves County. The trial court upheld the appellee's claim and ordered that credit be given from the date of his employment with the Graves County Board of Education to present for salary and retirement benefits and all other increments.

The appellants first contend that the appellee's action should be barred by either the five-year statute of limitations of KRS 413.120(2) or the ten-year statute of limitations in KRS 413.160.

An action based upon a liability created by statute must be brought within five years from the time the cause of action accrued. KRS 413.120(2). The instant action was not filed until November of 1985, nearly thirteen years after appellee began his employment in Graves County. The appellants argue that because the appellee relies on various statutory provisions, such as KRS 61.373 and KRS 161.507 to establish his claim, KRS 413.120(2) bars the action against them. KRS 413.160 provides for a ten-year statute of limitations for actions not based on a statute. The appellants maintain that, in the alternative, the appellee's claim should be barred by that statute.

The appellee states that his claim is based on his contract of employment with the appellants. When a cause of action is based on a written contract, that action need only be commenced within 15 years from the time it accrues. KRS 413.090. Thus, the appellant maintains that there is no problem with the statute of limitations.

■ The employment contracts entered into between the parties state that both salary and fringe benefits be calculated according to the lawful rules and regulations of the State Board of Education. A continuing contract entered into by the parties in 1976 and which extends into subsequent years, states that salary and any increases are to be paid in accordance with the law. The contracts clearly incorporate the laws governing the State Board, but it is just as clear that absent these written contracts, the appellee would have no claim. Thus, the appellants' liability arises through the contracts, not simply because of the statutes. We conclude then that the fifteen-year statute in KRS 413.090 applied and the claim is not barred.

We next turn to the issue concerning the statutory and regulatory law in this circumstance.

KRS 61.373 provides that if certain conditions are met, any "public employee" who left his position to perform military service shall be restored if he applies for reemployment either to the position if it exists or a position with like status, pay and seniority. Under KRS 61.371(1) and (2), a public employee refers to any person employed "by the Commonwealth of Kentucky, or by any county, city or political subdivision or by any department, board, agency, or commission thereof;". The appellants do not contest that a teacher is a public employee and there was no evidence presented that a teacher is not a public employee. However, the Kentucky courts have not addressed this question. In any event, KRS 161.740(3) states that "[a]ny teacher or superintendent who has been or may be hereafter inducted into the armed forces of this country, shall at the expiration of such service be re-employed or reinstated in a comparable position...." Thus, a school system cannot refuse to rehire a teacher who left his position due to induction into the armed services.

The appellants assert that KRS 61.373 and KRS 161.740 do not apply to the appellee because he did not leave employment with the Graves County system to begin his military service; rather he began his employment with Graves County after completing military service. To substantiate their argument, the appellants point to language such as "re-employment," "restore," or "reinstate." In essence, the appellants argue that in order for a teacher to receive experience credit for military service, he or she must leave a position with one school system and be reemployed by that same school system. We disagree.

KRS 161.500 provides that service credit be added to the account of a member of the

Kentucky Teacher's Retirement System for each year contributions are made to the system. The years of service credit are used to calculate retirement benefits and survivor's benefits. *See* KRS 161.600, KRS 161.620, KRS 161.520. A contributing member may receive service credit for active service in the United States Armed Forces. KRS 161.507. This service "shall be considered as Kentucky teaching service." *Id.*

702 KAR 3:070 deals with the schedules to be followed in calculating a teacher's salary. That regulation provides that a teacher shall be granted "experience credit" in calculating his or her salary when the teacher's career was interrupted by military service.

KRS 161.507 makes no distinctions regarding where the teacher was employed as a condition to the application of the service credit for military service. By simply stating "Kentucky teaching service," the statute implies that when a teacher in the retirement system is employed with any designated school system in Kentucky, he or she shall be given service credit for his or her military service. KRS 61.373 and KRS 161.740(3) do not refer to re-employment or restoration to a position with the same employer, such as a specific school system. 702 KAR 3:070 does not limit its function to re-employment by the same school system.

There is no dispute that the appellee was employed as a teacher in Kentucky when he was inducted into military service. The clear import of the cited statutes and regulations is that a teacher is to be given credit for military service if inducted while employed in Kentucky. If we accepted the appellants' contentions, we would be denying the appellee the rights to which he is entitled by statute and lawful regulation. We have no authority to take such action.

The judgment is affirmed.

All concur.