RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0788-MR

BOARD OF EDUCATION OF PARIS,
KENTUCKY                                                                         APPELLANT


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                     HONORABLE PHILLIP J. SHEPHERD, JUDGE
                        ACTION NO. 21-CI-00493


JASON EARLYWINE                                                              APPELLEE


OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: COMBS, EASTON, AND McNEILL, JUDGES.

EASTON, JUDGE: The Board of Education of Paris, Kentucky ("Board") appeals

the trial court's ruling that KRS[1] 45A.245 is a waiver of the Board's governmental

immunity from a suit for damages for breach of an employment contract. The

---

[1] Kentucky Revised Statute.

Board additionally appeals the relocation of venue from the Bourbon Circuit Court to the Franklin Circuit Court. By order entered by this Court on December 16, 2021, we are limited to those issues directly affected by the immunity determination. We affirm in part, reverse in part, and remand to the Bourbon Circuit Court for dismissal of this case.

## FACTUAL AND PROCEDURAL HISTORY

The Board employed the Appellee Jason Earlywine ("Earlywine") as a teacher from August 2007 until June 2019. In 2011, a student accused Earlywine of inappropriate contact. The Board through its agents suspended Earlywine with pay from the time of the accusation until June 2012, when the Board altered the suspension to be without pay. This suspension ended in February 2015.

In 2012, Earlywine was indicted for one count of first-degree sexual abuse in violation of KRS 510.110. The criminal case went to trial in January 2015. The circuit court judge presiding over that trial directed a verdict for Earlywine on January 27, 2015. The criminal case was subsequently dismissed with prejudice. Earlywine thereafter moved for expungement of the criminal case, which was granted in April 2015.[2]

---

[2] While expungement has certain legal effects, it does not change the fact that, when Earlywine was suspended without pay, the Board was addressing a criminal charge for which probable cause was found as evidenced by the return of an indictment.

The Board reinstated Earlywine in February 2015. Earlywine then requested back wages for unpaid suspension time, which was denied due to his failure to have sought any hearing to contest the suspension without pay when it occurred. Earlywine continued teaching in the Board's school district until June 2019. In 2020, Earlywine filed this action for breach of contract and violation of statutory wage and hour provisions[3] in the Bourbon Circuit Court.

The Board filed a motion to dismiss asserting that it benefited from governmental immunity. The Bourbon Circuit Court denied the motion by an order dated June 10, 2021. In its order, the circuit court agreed the Board was entitled to immunity from Earlywine's claims, but the circuit court held the waiver of that immunity was provided by KRS 45A.245. The circuit court transferred venue to the Franklin Circuit Court, pursuant to the same statute.

**STANDARD OF REVIEW**

The issue of whether a defendant is entitled to the defense of sovereign or governmental immunity is a question of law. *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006)). Questions of law are reviewed *de novo*. *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644,

---

[3] Neither the prehearing statements nor the briefs address the wage and hour claim. As a result, the claim is waived. Kentucky Rule of Appellate Procedure 22(C)(2) (formerly Kentucky Rule of Civil Procedure 76.03(8)). *Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014). We need not address the claim here noting Earlywine previously advised the circuit court the claim was simply a claim to lost wages under the contract at issue. Plaintiff's Response to Motion to Dismiss at pg. 10.

647 (Ky. 2007). "[A]n order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009).

## ANALYSIS

The Board argues the circuit court erred when denying its claim of governmental immunity by applying KRS 45A.245 to local boards of education. It contends that notwithstanding the language of KRS 45A.245, local boards of education retain their immunity from suits for damages for breach of contract.

It is clear under Kentucky law that local boards of education are agencies of state government exercising a state function in running schools and hiring teachers and have governmental immunity. Kentucky's highest court has recognized this for over eighty years. *Clevinger v. Bd. of Educ. of Pike Cnty.*, 789 S.W.2d 5, 10 (Ky. 1990), *overruled on other grounds by Cook v. Popplewell*, 394 S.W.3d 323 (Ky. 2011). The overruling of *Clevinger* applies only to liability for violations of federal civil rights violations. *Cook*, 394 S.W.3d at 327 n.3.

Boards of education have governmental immunity generally from liability on contracts. *Ammerman v. Bd. of Educ. of Nicholas Cnty.*, 30 S.W.3d 793, 797 (Ky. 2000). This does not mean this immunity has not been waived by the General Assembly, which has the authority to waive immunity and provide

limitations on the remedy provided. *Yanero v. Davis*, 65 S.W.3d 510, 523-24 (Ky. 2001) (explaining the Board of Claims Act as a waiver of immunity).

The Board argues KRS 45A.245 does not waive its governmental immunity.

KRS 45A.245(1) reads as follows:

> Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth at the time of or after June 21, 1974, may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury. All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

This statement is an unqualified waiver of immunity on all contracts with the Commonwealth and its agencies, including employment contracts. *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017) (breach of contract claim by university professor). Pursuant to *Rothstein*, the Board as a state agency does not have governmental immunity for Earlywine's breach of contract claims.

The analysis of the immunity for Earlywine's contract claim cannot end there because the immunity for liability on a contract between the Board and Earlywine has been waived by a more specific and limiting statutory enactment by the General Assembly. The law requires the Board to have a contract with Earlywine. KRS 161.011. Such contracts are governed by the provisions of KRS

-5-

Chapter 161. A contract between a board of education and a teacher is infused with these statutory provisions such that it may be considered a legislative grant more than a contract. *Bd. of Educ. of Harrodsburg v. Powell*, 792 S.W.2d 376, 379 (Ky. App. 1990). Still, it is a contract, although a statutory contract.

This record reveals Earlywine had a continuing service contract with the Board. KRS 161.720(4). Under the contract, the Board had the authority to suspend Earlywine without pay. KRS 161.790(10). When the Board chose this course, the governing statute then applied the same review process applied to termination. KRS 161.790(3)-(9). Earlywine could have sought review when he was suspended. He did not do so.

In providing a specific process and remedy in KRS 161.790, the General Assembly withheld subject matter jurisdiction from the circuit court to hear Earlywine's breach of contract claim seeking the wages not paid during his suspension if the requirements of KRS 161.790 had not been satisfied. "The General Assembly has constructed this legislative scheme in order to provide teachers and school administrators with an effective and neutral means by which to resolve disputes arising from teacher discipline." *Jefferson Cnty. Bd. of Educ. v. Edwards*, 434 S.W.3d 472, 476 (Ky. 2014). "However, a teacher's election to not answer a charge and thereby forego the institution of administrative proceedings

does not entitle the teacher to instead challenge his disciplinary claims in circuit court." *Id*.

The Court in *Edwards* echoed the sentiment expressed in *Board of Education of Fayette County v. Hurley-Richards*, 396 S.W.3d 879, 882 (Ky. 2013), which stated that

> KRS 161.790 establishes the process for the adjudication of public school teacher disciplinary matters. KRS 161.790(4)-(9) provides for the selection of an *ad hoc* hearing Tribunal to conduct an administrative evidentiary hearing. The Tribunal makes findings of fact, determines whether grounds for termination have been proven, and renders a final order accordingly. The decision of the Tribunal is a final order, subject to judicial review by the circuit court "in accordance with KRS Chapter 13B."

"[E]xhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief." *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 625 (Ky. 2001). *See also Frisby v. Bd. of Educ. of Boyle Cnty.*, 707 S.W.2d 359, 361 (Ky. App. 1986).

As the Court in *Edwards* recognized, a teacher could have a breach of contract claim outside the strictures of KRS 161.790. *Edwards*, 434 S.W.3d at 478. While this is not such a case, our courts have recognized the right to proceed to seek damages in such cases. *See Watkins v. Oldham*, 731 S.W.2d 829 (Ky. App. 1987). In effect, *Rothstein* confirms there is no immunity for liability for contracts entered into by the Board. *Rothstein*, 532 S.W.3d at 651. But *Rothstein* did not

-7-

eliminate the applicable provisions in KRS Chapter 161 which overlay the specific contract at issue.

It is undisputed in this case that Earlywine did not avail himself of the administrative hearing afforded him in KRS 161.790. Had Earlywine requested an administrative hearing on the unpaid suspension at the time it occurred or within ten days, he would have had the option to appeal the tribunal's decision to the Bourbon Circuit Court, which could have granted relief relating to the unpaid suspension. Having failed to do that, Earlywine is not now able to ignore the procedures set out in KRS 161.790 and seek a remedy in the circuit court. The failure of Earlywine to exhaust the specific, applicable administrative process prevents any argument as to the impropriety of his suspension and thus removes any basis for his breach of contract claim.

Regarding the question of venue, KRS 45A.245 is part of the Model Procurement Code ("MPC"). The General Assembly decided to place its general declaration of contract immunity waiver in that chapter. This does not mean all contract cases are sent to the Franklin Circuit Court under that statute. The MPC governs purchases, including those in the context of building projects. *See* KRS 45A.010. We do not "procure" teachers as envisioned by the MPC.

In *Rothstein*, the Court left open the question of whether other

provisions of the MPC apply. *Rothstein*, 532 S.W.3d at 651. As this case illustrates, the other provisions of the MPC cannot be held to apply to a teacher contract dispute under KRS Chapter 161. This would be contrary to well-established law. Cases between a teacher and a school board should be in the county where the parties are. *See Pendleton Cnty. Bd. of Educ. v. Simpson*, 91 S.W.2d 557, 560 (Ky. 1936). To apply the MPC and transfer all teacher contracts cases to Franklin Circuit Court would lead to an illogical result which could not have been the intention of the General Assembly. The proper venue for this action is in the Bourbon Circuit Court, as the county in which the Board of Education sits. *See* KRS 161.790(9).

## CONCLUSION

For the foregoing reasons, we affirm the determination the Board does not have immunity for the breach of contract claim asserted by Earlywine. We reverse the order transferring this case to the Franklin Circuit Court. We remand this case for the Franklin Circuit Court to transfer this case back to the Bourbon Circuit Court. The Bourbon Circuit Court shall then dismiss the case because Earlywine's failure to exhaust administrative remedies provided pursuant to his contract with the Board deprives the circuit court of subject matter jurisdiction of his claim.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Jonathan C. Shaw
Grant R. Chenoweth
Paintsville, Kentucky

BRIEF FOR APPELLEE:

Robert L. Roark
Tyler Z. Korus
Lexington, Kentucky